JACKSON, <em>ex. dem.</em> STONE, <em>against</em> W. SCOTT.

A person in the possession of land, under a contract for the purchase and sale of it, has an interest in the land which may be sold on execution.

The defendant, in such case, becomes *quasi* tenant to the purchaser, and cannot object that he has no title.

EJECTMENT for two lots of land, in *Vernon,* county of *Oneida,* tried before Mr. Justice *Yates,* at the *Oneida* circuit, in *June,* 1819, when a verdict was taken for the plaintiff, subject to the opinion of the Court, on the following case: *John Otis,* in 1811, was in possession of the premises in question, claiming title to them under a deed from *M. Wemp* and *O. Palmer,* and continued in possession until 1815, when he sold the premises, by a quit-claim deed, to *Joel Carson,* who immediately, and without entering into possession of the premises, sold and conveyed them, by a quit-claim deed, to

*Elijah Scott*, who took possession, by virtue of the deed, and continued in possession until *August*, 1817, when the defendant, his son in law, went into possession under him. In *January* term, 1817, *E. Hotchkiss* recovered a judgment on a bond and warrant of attorney, against *Elijah Scott*, which was docketted *March* 22, 1817, and a stay of execution for one year was entered on the record. The sheriff of *Oneida*, by virtue of a *fi. fa.* issued on this judgment, the 16th of *May*, 1818, levied on the premises, and sold them to the lessor of the plaintiff, to whom he executed a deed, dated the 16th of *September*, 1818, for the consideration of 70 dollars. The defendant has continued in possession from the time he entered until the present time.

The title to the premises was in the people of the state until in the spring of the year 1817, when they were sold, by the surveyor general, at public auction, to *Elijah Scott*, the highest bidder, for about the sum of two thousand dollars : and the surveyor general gave to him a certificate, in the usual form, promising to convey the premises to him, on his complying with the conditions of sale therein expressed. In *August*, 1817, *E. Scott*, assigned this certificate to the defendant, who went into possession of the premises.

Several witnesses were then examined to show, that this assignment from *E. Scott* was fraudulent as against creditors ; but it is not necessary to state their testimony, as there seemed to be very little doubt on that point.

*Talcot*, for the plaintiff, contended, 1. That at the time the judgment was docketted, *E. Scott* had an interest in the premises, which might be sold under execution ; and that he, or the defendant, could not set up a title in a third person to defeat that interest. *Possession* of land under a contract for the purchase of it, is an *interest in* land, within the meaning of the statute of frauds. (*Howard* v. *Easton*, 7 *Johns. Rep.* 205.) If so, it is an interest which may be sold on execution. A possessory interest in land may be sold. (*Jackson, ex. dem. Malin*, v. *Garnsey*, 16 *Johns. Rep.* 189, 192.)

2. Neither the party against whom the execution issued, nor the defendant, could set up an outstanding title in the

people of the state. (*Jackson, ex dem. Klein,* v. *Graham,* 3 *Caines' Rep.* 188. *Jackson, e. d. Masten,* v. *Bush,* 10 *Johns. Rep.* 113. *Jackson, e. d. Seely,* v. *Morse,* 16 *Johns. Rep.* 197.) He is *quasi* a tenant to the purchaser under the sheriff's sale.

3. The transfer of the certificate of the surveyor from *E. S.* to the defendant was fraudulent and void, as against creditors; but whether it was so or not, the plaintiff stands in the same situation in regard to *E. S.*

*Sill,* contra, insisted, that *E. S.* had not such an interest in the land, as could be sold under the execution; and if so, the question as to the fraudulent transfer is immaterial. The statute (1 *N. R. L.* 500. sess. 36. c. 50.) subjects " *lands, tenements,* and *real estate,*" to sale on execution. This was clearly not the *land* of *E. S.*; nor is it a *tenement,* which is an *inheritable* interest : (*Co. Litt.* 6. a. 20. b.) and if not inheritable, it is a mere chattel interest : nor is it real estate. In *Bogert* v. *Perry* (1 *Johns. Ch. Rep.* 52.) the chancellor held, that a judgment at law was not a *lien* on an equitable interest; as where a purchaser of land under a contract entered into possession, and afterwards assigned the contract to *S.* who entered into possession, *S.* has not an interest which could be sold on execution, so as to pass an interest which a court of law would protect or enforce. (*Vredenburgh* v. *Morris,* 1 *Johns. Cases,* 225. *Hewson* v. *Deygert,* 8 *Johns. Rep.* 333. *Jackson, ex. dem. Norton,* v. *Willard,* 4 *Johns. Rep.* 41. *Kelly* v. *Beers,* 12 *Mass. Rep.* 387, 16 *Johns. Rep.* 200.) As to the case of *Jackson, e. d. Klein,* v. *Graham,* it appeared that the party once had a title to the land, and was in the actual possession of it, at the time of the sale. The possession of the party at the time of the sale is a material circumstance. (*Waters* v. *Stewart,* 1 *Caines' Cases in Error,* 47. 72.) If the defendant has no estate on which a judgment can attach, what interest can be sold under the execution? As to the case of *Jackson* v. *Burk,* there was a deed from the judgment debtor to the defendant, his son, which was found to be fraudulent, so that no interest passed from the father. Where the judgment is, voluntary, as by confession on a bond, it must be shown to

be for a just debt, otherwise it will not overthrow a sale, even though that sale be fraudulent. (*Rob. on Fraud. Conv.* 489, 490. *Holt's Rep.* 327.) In *Howard* v. *Eaton*, the question arose on the statute of frauds, the terms of which are broader and more comprehensive, than are to be found in the act concerning judgments and executions.

*Talcot*, in reply, said, that if the defendant, in addition to his *actual* possession, had an *equitable interest*, it made the reason for its being sold on execution stronger. A judgment creditor is a *bona fide* creditor, and the case cited from *Holt* is not applicable. In the case of *Bogert* v. *Perry*, the question before the chancellor was, whether the party had such an interest, that he could compel a specific performance of the contract.

SPENCER, Ch. J. delivered the opinion of the Court. There can be no doubt that the sale and transfer of the premises by *Elijah Scott*, was fraudulent in regard to creditors, and therefore void : the counsel has not ventured to contend that the sale was not fraudulent, and the evidence so fully shows it, that the point may be dismissed.

The only question then is, whether, as *Elijah Scott* had only the possession of the premises, with a contract from the surveyor general, entitling him to a conveyance, on the payment of certain sums of money, which yet remain due, he had such an interest as might be levied on and sold on execution. In the case of *Jackson* v. *Graham*, (3 *Caines' Rep.* 188.) the plaintiff's title was deduced under a judgment, execution, and sheriff's deed thereon to the lessor ; the defendant in the ejectment being the person against whom the judgment was rendered and execution issued ; and it was shown that before the entry of the judgment, the defendant had been, and then was, in possession. The defendant offered to prove, that one *Day* was the real owner of the premises, and that the defendant had no interest in them. This evidence was rejected, and the plaintiff recovered. An application was made to set aside the verdict, and one ground taken was, that *Graham* was a mere tenant at will, and had no transferable interest, either by his own act or the operation

NEW-YORK, of law. The Court denied the motion, and gave judgment for
May, 1820. the plaintiff; saying, that the defendant under an execution
JACKSON became *quasi* tenant to the purchaser. We considered the
v. purchaser entitled to all the right the defendant had in the
GRIDLEY. premises, and to the possession as part of his right; and that
this would be of no prejudice to the real owner. Whether
*Elijah Scott* was seised or not of the premises, was not a sub-
ject of inquiry; he was seised, or had a chattle interest in
the land, liable to be sold. We have decided, that a mere
equitable interest cannot be sold on execution; but if con-
nected with the possession of the land, the legal interest, of
which the possession is evidence, may be sold. (7 *Johns.*
*Rep.* 206.) The purchaser acquires all the debtor's legal
rights; and possession is a legal right. It becomes a dif-
ferent question, whether a court of equity will enforce an
equitable interest, which the debtor had in the land, at the
instance of the purchaser. A court of law will not inquire
what title the defendant, under such circumstances, has. He
is precluded from making the objection, that he has no
title.

Judgment for the plaintiff.