Curia, per Savage, Ch. J.
Two interesting questions arise out of this case, which I shall briefly discuss in the order in which they present themselves. They are,
1. Had Jeremiah Parker an interest in the land upon which the lien of the judgment could attach?
2. Was the assignment fraudulent?
1. By our statute, the lands, tenements and real estate of every defendant in a judgment obtained in a court of record, *are liable to be sold; and such judgment is a lien upon them. (1 R. L. 500.)
Were the premises in question the real estate of Jeremiah Parker by virtue of the contract ?
The term estate is very comprehensive, and signifies the quantity of interest which a person has, from absolute ownership down to naked possession. It is the possession of lands which renders them valuable, and the quantity of interest is determined by the duration and extent of the right of possession. Real estate, therefore, includes •every possible interest in lands, except a mere chattel interest.
The possession of lands is an interest which may be sold *86 On an execution against the possessor; [1] (3 Caines, 189; 16 John. 192;) and in an action of ejectment against such possessor, he cannot- show title in another. (3 Caines, 189.) The estate which is the subject of a sale in execution must be a legal estate. A judgment at law is- not a lien on a mere equitable interest in land: [2] and the execution under it will not pass an interest which a court of law cannot protect and enforce. There must he either an interest known and recognized at law, or an equitable title within the purview of the statute of uses. (1 John. Ch. Rep. 56, 7.)
If the naked possession of land is such an estate, upon which the lien of a judgment will attach, surely the possession, coupled with a right to that possession, being a greater estate and a legal estate, may also be. bound by a judgment- A more equity indeed cannot be sold; (5 Cowen, 485;) but an equitable interest, coupled with the possession, may be sold on execution. Thus the interest of the mortgagor or mortgagee in possession,, is bound by a judgment, and may be sold: but out of possession, neither has an interest upon which the lien of. a judgment can. attach. In the case of Jackson v. Scott, (18 John. 94,) it was decided that a person in the possession of land under a contract for the purchase and sale of it, has an interest in the land which may be sold on execution. [3] *87 That case was much like the present; and I think the two are not distinguishable unless upon the ground of fraud. In that case the facts were the following: in the spring of 1817, the title was in the people of the *state. The premises were sold by the surveyor general to Elijah Scott-, and a. certificate was given, him by which he would be entitled to a ¡latent on complying with the conditions of sale, A judgment had been docketed against. Scott, before this, purchase from the state. In August, 1817, Scott assigned the certificate to the defendant who. was his son-in-law, who went into possession of the premises. In May, 1818, an execution was issued on the judgment against E. Scott, and the premises sold, and the purchaser at sheriff’s sale brought ejectment. . Spencer, Ch. Justice, says the only question is, whether, as E. Scott had only the possession of the premises, with a contract from the surveyor general entitling him to a conveyance on the payment of certain sums of money which yet remain due, he had such an interest as might be levied on and sold on execution.- He adds,'that whether E. Scott was seised or not, was not the subject of inquiry ; for if not seised, he had a chattel interest liable to- be sold1. In that; case, the transfer was fraudulent; so. that the court seem to have put it. on the same ground as if E. Scott had been in possession. The chief justice then says, we have decided that a mere equitable interest cannot be sold on execution; but if connected with the possession of the land, the legal interest, of which possession is evidence, may be sold. The 7th John. 206, is referred to for this principle ;. but the decision there was under the statute of frauds. It was there held, that an agreement to sell and deliver possession of lands must be in writing ; arid possession must be considered an interest in land, within the meaning of that statute. In Jackson v. Scott, the chief justice says, “ The purchaser acquires all the debtor’s legal rights; and possession is a legal right.” It becomes a different question, he says, whether a court of equity will enforce an equitable interest which the debtor had in the land at the. instance of the purchaser.. This remark probably had relation to the *88 case of Bogart v. Perry, (1 John. Ch. Rep. 52, and 17 John. 351, on appeal,) in which the chief justice had shortly before delivered the unanimous opinion of the court of errors, affirming the decree-of the chancellor. That case was as follows: Atkinson being the owner of a lot of land, contracted with Birdsall to sell *him 296 acres for a certain price, part of which was paid, and Birdsall took possession. Birdsall contracted with Smith to sell him 200 acres out of the 296. Smith was to pay the balance due to Atkinson on Birdsall’s contract. He (Smith) took possession of the 200 acres, and made large improvements, and erected buildings. While he was in possession under the contract, Harrison recovered a judgment against him, which was docketed on the 19th of October, 1808. In May or June, 1809, Smith contracted to sell the 200 acres to Perry. Perry also purchased of Birdsall his part of the contract, being 96 acres. He paid Atkinson what was due, and surrendered up the contract and took a deed for the whole, the legal title never having passed out of Atkinson. While the possession remained in Smith, and before he sold to Perry, an execution was issued on Harrison’s judgment, and Smith’s interest sold by Birdsall, who was sheriff of Seneca county, and purchased by the plaintiff Bogart, for $30. Bogart tendered to Perry the money and interest which he paid to Atkinson, and' demanded a deed. Perry afterwards sold to Van Tuyl, to whom Bogart made a like tender and demand. Notice to Perry and VanTuyl was charged in the bill. The chancellor says Smith had no interest in the land on which the judgment could attach, or the execution operate. There had been a default in payment to Atkinson; and it is not certain that Birdsall or his assignee (Smith) would have been entitled to a specific performance of the contract. But the mere right in equity that Smith, as assignee of Birdsall, might have had against Atkinson under the contract, was not the subject of a judgment and execution as “ real estate.” The chancellor thought the case different from that of a mortgagor in possession. When the cause came before the court for the correction of errors, Chief Justice Spencer says, the single *89 question in this case is, whether Smith had such an interest in the land contracted for with Birdsall, and which the latter had contracted for with Atkinson, as was liable to be sold on execution, or as was bound by the judgment in favor of Harrison ? He then proceeds to show that it was not a case in which the cestui que use is considered the real owner, and whose interest may be *sold on an execution. He concludes by saying that Smith never having paid Atkinson the money due him, had but a mere equity in the lands, which could not be reached by execution.
This case was decided in March, 1819, on appeal; and the case of Jackson v. Scott was decided in May, 1820; and the learned chief justice who delivers the opinion in both, understood the two cases not to be at variance, and evidently, in the last case, considered the question in the first to be, whether a court of equity would enforce an equity in favor of Smith at the instance of Bogart, á purchaser of Smith’s equity at sheriff’s sale. If, however, the court in Jackson v. Scott were correct in saying that the interest of Scott under the surveyor general’s contract might be sold, it must be incorrect to say that Smith’s interest while he was in possession, was not also the subject of a sale. The only difference is, that Scott had contracted with the state, and Smith had, through Birdsall, contracted with Atkinson. In both cases the owner retained the fee, and the defendant in the judgment had the possession, and an equitable claim to the legal title on performing certain conditions.
I prefer following the case of Jackson v. Scott, because it is in this court. Bogart v. Perry was in chancery. Had Jeremiah Parker remained in possession till this suit was brought, there could be no doubt. The case then would be exactly the case of Jackson v. Graham, (3 Caines, 188.) Where the defendant in the execution, says Mr. Justice Woodworth, (Jackson v. Town, 4 Cowen, 602,) is the possessor, it is of itself sufficient; for actual possession is prima facie evidence of a legal title. He cannot show title in another; for the plaintiff comes into exactly such estate as the debtor had; and if it was a tenancy, the plaintiff will *90 be a tenant also, and estopped in a suit by the landlord from disputing his right in the same manner as the original tenant. In the case then before the court, Eleanor Town, the defendant in the execution, had left the possession of the premises several years before the judgment against her, and had conveyed to her daughter before the cause <d action accrued against herself; and no title but possession had been shown. Speaking of the plaintiff’s deed under the sheriff’s *sale, the judge remarks, “ His deed is necessarily inoperative unléss the judgment was a lien; and that can not be unless there is a legal or equitable seisin. E. Town having neither, nothing could pass by the sale to the plaintiff.”
My conclusion upon this part of the case is, that possession being an interest in lands, a judgment becomes a lien upon it, and it may be sold upon execution,, and that the defendant himself may be turned out in action of ejectment, and it seems to follow that the possession may be recovered of any one who takes that possession with notice of the judgment. The assignee, with notice, stands equally in the character of quasi tenant with the original defendant. But if the possession under contract is such an estate that a judgment becomes a lien, it is immaterial whether the assignee had actual notice or not; the docketing of the judgment is of itself notice. The interest of the party in possession is not a mere equity, like the interest of a. mortgagor out of possession. The landlord cannot be injured ; for whoever is the possessor, the landlord’s rights are the same; and it. is equal to him whether a third person is assignee of the contract, by an instrument under seal, or by operation of law.
3. But the consideration of the second point may relieve this case from all embarrassment. Was the assignment fraudulent either in fact or in law? So far as the defendant, Albert Parker, was influenced by motives of filial duty in undertaking to support the family of his profligate father, he should be commended; but if one object was, as some ot the witnesses stated, to prevent Cary and Davis from taking his father’s farm in satisfaction of their honest *91 demand, such object is fraudulent. But it is perhaps un- • i *i /* t n ■ necessary to impugn the motives of the defendant. It the J f , . , , , . - object was purely to support his mother and the lamuy, and that was to be done by means of his father’s property, which his creditors had a right to have appropriated to the payment of his debts, then the assignment was fraudulent in law.
Had the father continued in possession, it is, clear from the cases of Jackson v. Graham and Jackson y. Scott, that the plaintiff must have recovered it. It has been decided that a *failing debtor may prefer one creditor, or set of ereditors by an assignment of his property; but if, in that assignment, a provision is made for the debtor or his family, the whole assignment is void. (Mackie v. Cairns, 5 Cowen, 54.) It is in evidence that both the Parkers knew of this debt and spoke of it; and of their determination that the creditors should not have the farm; and as no other consideration is pretended hut the support of the family, it seems to me the assignment is fraudulent and void as to creditors. If I am correct in this position, then the case is precisely within that of Jackson v. Scott, and the plaintiff is entitled to recover.
I am of opinion that a new trial must be granted, with costs-to abide the event.
New trial granted.

 Griffin v. Spencer, 6 Hill, 525.

 Talbot v. Chamberlain, 3 Page 219. Grosvenor v. Allen, 9 id. 74. Kellogg v. Kellogg, 6 Barb. 117. See also, 2 R. S. 4th ed. 153, § 4.
The only remedy of the creditor to reach the interest of the- debtor in a contract for the' purchase of land, is by filing a bill in equity, after he has-exhausted his remedy at law, for the recovery of the debt by the return of an execution unsatisfied. Grosvenor v. Allen, 9 Page 74.

 Although it: has been held (Jackson v. Scott, 18 John. 94. Jackson v. Pacher, supra,)’ that a person iri póssession under a contract for the pur* tihase of land, had a.real estate bound by judgment and liable to be sold on execution. It was an equitable interest, coupled with possession. But the words of the Bevised Statutes (2 R. S. 4th ed. 153, § 4,) are broad enough to reach that case; and it could not probably be withdrawn from the statute, and those former decisions restored, unless the possession rested upon somd ‘ specific agreement, for a limited time, giving to the possession the inte» rest and character of a chattel real. ,See 4 Kent, † 437, note a.