## TALBOT vs. CHAMBERLIN and others.

The interest of a person in possession of land under a subsisting contract for the purchase thereof, cannot be sold on an execution at law; but in all other cases the bare possession of the defendant in the execution, although it be a mere tenancy at will or on sufferance, or a possession without color of right, is such an interest as may be sold on the execution.

The purchaser under such a sale, after the time for redemption is past, has a right as against the defendant in the execution and those claiming under him, to be substituted in his place as to the possession, and all his legal rights connected therewith; and during the time allowed for redemption, the defendant and those claiming under him may be restrained from committing waste.

THEODORE F. TALBOT purchased all the interest of D. V. Chamberlin in a certain piece of land in Monroe county, under a judgment and execution against Chamberlin who was in possession of the premises at the time of the sheriff's sale. Talbot afterwards applied by petition to the vice chancellor of the eighth circuit, and obtained an order and injunction to restrain the defendants from the commission of waste, according to the provision of the revised statutes. (2 R. S. 337, § 23.) The defendants, upon an affidavit that Chamberlin had no title to the land, that the heirs of E. Bordenot were the owners thereof, and that their agent assented to the commission of the alleged waste, obtained an order of the vice chan-

cellor dissolving the injunction. From this order Talbot, the petitioner, appealed to the chancellor.

*T. F. Talbot*, in proper person.

*N. Bacon*, for the defendants.

THE CHANCELLOR. There is no doubt that the acts of the defendants, as detailed in these papers, amount to such waste as was intended to be prohibited by the statute. The only question therefore is whether the petitioner obtained any interest in the premises by the sheriff's sale, as against the defendant in possession, to entitle him to the benefit of this statutory provision.

Previous to the revised statutes, if the judgment debtor was in possession of land at the time of the sale thereof on an execution against him, he was estopped from denying that he had any interest in the land. The bare possession was an interest which might be sold on execution, and the purchaser acquired the same interest which the defendant in the execution had, and no more. If the latter was a mere tenant at will or by sufferance, or even was in possession without color of right, the purchaser, as against him and those claiming under him, had a right to be substituted in his place so far as respected the possession and any legal rights of the defendant connected therewith. (*Jackson* v. *Graham*, 3 *Caines' R.* 188. *Jackson* v. *Parker*, 9 *Cowen's R.* 84.) And if the defendant was in under a contract to purchase, and had actually paid all the purchase money, so that the vendor held the premises as a mere naked trustee for the use of the defendant, his equitable interest also passed under a sale by the sheriff. (1 *Atk. on Conv.* 516. 1 *John. Ch. R.* 56. 17 *John. R.* 356.) The revised statutes have made a trifling variation in the law on this subject, by prohibiting the sale, on execution at law, of the interest of a person holding a contract for the purchase of lands. (1 *R. S.* 744, § 4.) As there is no exception to this general provision in the statute, I am inclined to think that if the defendant is in the possession under and by virtue of the contract to purchase, his possession under that contract

cannot be sold on execution at law, if he has not obtained the legal title, although the whole purchase money has been actually paid. But this provision of the statute cannot protect the possession of the defendant in the execution from a sale by the sheriff, unless he holds that possession as a part of his interest acquired under the contract to purchase.

In this case it appears from the affidavit of Chamberlin that he had no right to the possession of the land under any contract for the purchase thereof. The contract with Talbot gave him no such right, and he cannot set up a parol agreement not contained in the written instrument. If such a parol permission was given it was not a part of the contract to purchase, which the statute requires to be in writing. Again; it is shown by Chamberlin's affidavit that Talbot had no right to the possession of the land, and had not obtained a contract from the owners within the six months contemplated by the written agreement. Chamberlin was therefore a mere naked possessor without right; or, at most, a tenant at will to the real owners of the land. His possession or interest, then, was a proper subject of sale by the sheriff on the execution; and the purchaser is entitled to the order to prevent him, and those claiming under him, from committing waste during the fifteen months and until the possession is delivered over to the purchaser under the sheriff's sale. If Chamberlin has any rights under his written contract with Talbot, they will not be affected by the sale or by these proceedings.

The order of the vice chancellor dissolving the injunction must be reversed, with costs; and the proceedings are to be remitted to him, that the original order and this decree may be enforced and carried into full effect.