Judge Lane
pronounced the opinion of the court:
The title of Douglass depends upon the validity of a sale of land, which Kerr held in possession under an execution againse him. Scott holds an assignment of the equitable estate of Kerr, and a conveyance of the legal title from the trustee of the heirs of Massie; and he insists that as Kerr had an equitable interest only in the lands at the time of the judgment, a sale under execution passed no right at law.
But it is too late to question that a man, in possession of lands, has an interest which may be sold by process of execution at law. We do not attempt to define the extent of this interest; something passed, and the judgment debtor is not permitted to, dispute the estate of him who chooses to take it as his property. 2 Ohio, 225; Wright’s S. C. 117, 362; 18 Johns. 84; 5 Ohio, 55.
The counsel for Scott assert, that admitting a title passed by this sale, it was, at best, the bare legal right of possession, which left the equities of Kerr unaffected; that as these equities have long since passed to Scott, hé may enforce them against the holder of the legal estate. It is plain .that a mere equity can not be sold by process at law. 1 Ohio, 314; 18 Johns. 94. These facts may raise the question, whether the equity of a person in possession be not so connected with his legal estate as to pass by a sale of the latter, even under execution, so that it may be enforced by the purchaser. The determination of this point is not necessary in this case. The peculiar advantage of Douglass’ position, in protecting his title, consists in the right to fasten upon *231 Scott the disability of contesting the legal title of Kerr. If Kerr •can hot deny his estate; if Scott, holding from Kerr, is subject to the same disqualification, his better equities are unimportant; the legal estate of Douglass is paramount to these rights, and the statute authorizes him to quiet his possession by this bill. A renewed examination of the principles, which guided us before, has ■confirmed our opinion in their correctness; and Scott can not evade the conclusion to which we were led, except by tracing his title from some other source.
This is attempted to be done under the deed from Wallace; and if that • conferred a title without any relation to Kerr or Montgomery, he would not be affected by the admissions they *have made. But the rights arising from that deed were peculiar. The legislature, by private statutes (18 Ohio Stat. 93; 19 lb. 80), invested Wallace with power as a trustee to convey the lands, which Massie in his life had become bound to convey, “ to the person holding the evidence of the claim legally obtained, or ■otherwise entitled to such conveyance.” I have heard it doubted, if the legislature could confer such authority. But waiving this ■objection, he possessed no power to transiera distinct, independent title; unless he conveyed to the holder of the equity, his deed was void. The defendant makes .the title to the equity from Kerr, and the deed from Montgomery to Kerr is the evidence of his equity. Since, then, he must trace his title through that deed» he can not shake off his privity with its recitals.
Bill dismissed.