1839.

Bank of Utica
v.
Messereau.

THE BANK OF UTICA *vs.* MESSEREAU and others.

Where the complainants filed their bill, as purchasers of real estate upon exe-
cution, to restrain the defendants from committing waste during the period
allowed by law for redemption, and the defendants by their answer denied
that the party against whom the execution issued had any title to the land,
and set up a title in themselves derived from another source; *Held*, that
the defendants were still bound to answer the charges and allegations in
the bill, as to the waste.

The defendant cannot, in his answer to the bill, excuse himself from making
a full discovery, by merely denying the complainant's title to discovery and
relief; as the complainant is entitled to a discovery of all matters which
will be essential to the relief claimed in case he should succeed in showing
that the particular defence set up in the answer is false or unfounded.

It is a general rule of pleading in chancery, that the defendant cannot by an-
swer excuse himself from answering; and that if he attempts to make his
defence by answer, instead of by plea or demurrer, he must answer the whole
of the statements and charges contained in the bill, and all the interroga-
tories properly founded upon them, so far as they are necessary to enable
the complainant to have a complete decree in case he succeeds in the suit.
To this general rule there are a few well established exceptions.

THIS case came before the court upon exceptions to a    May 7.
master's report, allowing the exceptions to the joint and sev-
eral answer of the defendants for insufficiency. The com-
plainants were the purchasers of certain real estate, under a
judgment and execution in their .favor against J. G. Mes-
sereau and others, which real estate, as they alleged in their
bill, belonged to the defendant J. G. Messereau ; and the bill
in this cause was filed to restrain the commission of waste
during the time allowed by law for the redemption of the
premises, and for an account and satisfaction of waste already
committed. The defendants set up, as a defence to the suit,
that the legal title to the premises in question was not in J.
G. Messereau at the time of the recovery of the judgment on
which the premises were sold ; but that he was merely the
assignee of a mortgage and in possession by virtue thereof,
so that he had no estate or interest in the premises which
was the subject of sale upon the complainant's judgment
and execution. And as to a part of the premises, some of
the defendants claimed the same under a deed from the

comptroller upon a sale for taxes.   The defendants, considering the several matters stated in their answer as a full defence to the suit, submitted that they were not bound to answer as to the alleged waste committed upon the premises; and that part of the bill was, therefore, left wholly unanswered.   For this reason the complainants filed four exceptions to the answer, for insufficiency; which exceptions, upon a reference to a master, were allowed.

*J. V. L. Pruyn*, for the complainants.

*S. Stevens*, for the defendants.

THE CHANCELLOR.   The several exceptions of the defendants to the master's report in this case are founded upon the erroneous supposition that a defendant by denying, by answer, the complainant's title to discovery and relief, can excuse himself from making a full discovery of matters essential to the relief claimed by the bill in case the defence set up in the answer should turn out to be unfounded or untrue in fact.   Even if the defendants in this case were right in the principle which has been contended for by their counsel, it is at least doubtful whether the facts stated in their answer, if put in the shape of a plea, would be a valid bar to the discovery called for by these exceptions to the answer. It is not necessary however, at this time, to examine the question as to the validity of the defence set up in the answer, in case it shall ultimately be sustained by proofs in the cause; as I am fully satisfied this is not a case in which the defendants can be excused from answering the allegations and interrogatories of the bill particularly and fully.

It is a general rule of pleading in this court, that if the defendant attempts to make his defence by answer, instead of pleading or demurring to the bill, he must answer fully; that is, he must answer the whole of the statements and charges contained in the bill, and all the interrogatories legitimately founded upon them, so far as they are necessary to enable the complainant to have a complete decree against him. This was the ancient course of proceeding in this court, as

1839.

Bank of Utica
v.
Messereau.

recognized by Lord Macclesfield in *Stephens* v. *Stephens*, and followed by the decisions of Lord King in *Edwards* v. *Freeman* and in *Richardon* v. *Mitchell*, (*Sel. Cas. in Chan.* 51.) And it proceeds upon the principle that the complainant is entitled to a full discovery of all facts alleged in the bill, which may be important to the complainant in the suit, in case he should succeed in showing that the particular defence attempted to be set up in the answer is false or unfounded. If the defendant pleads or demurs to the bill, the complainant is not deprived of any part of his discovery if the defence intended to be insisted on is unfounded in law or untrue in point of fact. For if the plea or demurrer is disallowed, the defendant may still be compelled to put in his answer and make the discovery sought by the bill; and if the plea is overruled as false, at the hearing, the complainant will be entitled to a decree according to the case made by his bill; and the defendant, if necessary, may be examined on interrogatories. But where the defendant puts in an answer denying some particular allegation which is necessary to the complainant's title to relief, and puts every other allegation in the bill in issue by a general traverse in the usual form, it is evident that the complainant at the hearing will be required to prove many things, as to which he was entitled to a discovery, if the particular defence set up in the answer should turn out to be false and unfounded. It is not a little surprising, therefore, that the ancient rule of pleading should ever have been departed from in the court of chancery in England, except in those cases where the discovery sought was of such a nature that the defendant could not under any circumstances be required to make it; as where it would be a breach of professional confidence, or would criminate himself, or subject him to a penalty or forfeiture. Shortly after the American revolution, however, the ancient rule on this subject was attempted to be changed in the English court of chancery; or rather exceptions were introduced, from time to time, which if continued would in the end have left but very little difference in substance between an answer and a plea. When Lord Eldon afterwards held the great seal, he became dissatisfied with this new practice,

1839.

Bank of Utica
v.
Messereau.

of permitting a defendant, by his answer, to refuse to give a full answer ; though I am not aware that his lordship repudiated it by any direct decision. The cases of *Rowe* v. *Teed*, (15 *Ves.* 372,) and *Somerville* v. *Mackay*, (16 *Idem*, 382,) show, however, that he was prepared to do so whenever a case should come before him presenting that point directly for his decision. And Sir John Leach, one of the best equity judges who has occupied a seat upon the bench of the English court of chancery since the time of Lord Hardwicke, soon after, in the case of *Mazarredo* v. *Maitland*, (3 *Mad. Rep.* 70,) declared in favor of the ancient rule on this subject ; saying in terms that he thought it so useful a rule that he should always adhere to it. Since which time the ancient rule of pleading appears to have been followed in England. There are some admitted exceptions to the general rule, and also one or two cases as to which there are *conflicting decisions* ; all of which will be found correctly stated by the learned Judge Story in his recent work on equity pleading. (*Story's Eq. Pl.* 465, § 606, 607. See also *Hare on Disc.* 247 ; 2 *Daniels' Ch. Pr.* 45, 248.)

None of the matters as to which a discovery is sought in the present case come within any of the admitted exceptions to the general rule, or even within those as to which there is now any conflicting opinion either in this state or in England. The master's report as to each of the exceptions for insufficiency was therefore right ; and the exceptions to the report must be overruled with costs, and the report must be confirmed.