By the Court, Bronson, J.
Possession is an interest in land; and where the property has been sold on execution against the party in possession, the purchaser can maintain ejectment. It is no answer for the defendant to say that he has no title. Such is the general rule. But the statute has made an exception where the defendant holds under a contract for the purchase of the land. In that case, after the execution has been returned unsatisfied, the creditor may go into equity, and have a decree for the sale of the defendant’s interest in the contract, for the payment of the debt. (112. 8. 744, § 4-6.) I *526 was at the first inclined to the opinion that this statute did not take away any right which the creditor had before, but only superadded the means of acquiring the legal interest in the contract ; that the creditor might still sell under the execution and oust the defendant, and if the whole debt was not satisfied, he . might then go into chancery and acquire the defendant’s interest in the contract. But the chancellor has taken a different view of the question in Talbot v. Chamberlain, (3 Paige, 219,) and there is reason for saying, that where the defendant has no other interest than such as he has acquired under the contract, there can be no sale at law. The statute forbids a sale on execution of the interest of the person holding the contract. (§ 4.) Possession is a part of the interest acquired under the contract; and if the defendant has no other right to the property, there is nothing on which a sale at law can operate. As to the twenty- ‘ two acres held under the contract from Morris, the plaintiff was not entitled to recover. ’ If this was a case, the plaintiff might be allowed to relinquish the verdict as to the twenty-two acre parcel, and have judgment for the other lands. But it is a bill of exceptions.
New trial granted.