Richard Henry Wilde, for petitioners.

## Case No. 8,132.

### LAW v. WILGEES.

#### [5 Biss. 13.] [1]

Circuit Court, D. Wisconsin. March, 1851.

WASTE — BILL IN EQUITY TO RESTRAIN — HOLDER OF CERTIFICATE OF SALE—LAND SALES UPON EXECUTION.

1. In Wisconsin, under the Revised Statutes of 1849, the holder of a certificate of sale of land on execution cannot maintain a bill to restrain waste. He has neither title nor right of possession until his deed is issued.

2. The laws for the sale of lands upon execution contain the whole system, and the court cannot supply any supposed deficiencies.

[This was a bill in equity by George W. Law against Samuel Wilgees.]

(1) The chancery jurisdiction to restrain waste has grown up in England, while the statute of Gloucester, 6 Edw. I. c. 13, provides another remedy. 1 Fonbl. Eq. 31, and note; 3 Bl. Comm. 225. (2) Complainant has as good a right to this remedy as a mortgagee, and that they are entitled thereto. Farrant v. Lovel, 3 Atk. 723; Brady v. Waldron, 2 Johns. Ch. 148. (3) The power is discretionary with the court, and it is exercised in cases of waste, when no action at law would lie. Kane v. Vanderburgh, 1 Johns. Ch. 11; Eden, Inj. 201, 202. (4) The statute creates the right, even if it did not exist at common law, and this court may enforce it, if agreeable to general principles of equity. Equity does not get its jurisdiction from statutes; if they give a right it will administer it. Lorman v. Clarke [Case No. 8,516]; Bodley v. Taylor, 5 Cranch [9 U. S.] 191. (5) Courts issue injunctions ex equo et bono where a party is entitled to relief. Authority for their issuance does not proceed from statutes.

Isaac N. Stoddard, for plaintiff. Finch & Lynde, for defendant.

MILLER, District Judge. The plaintiff alleges that he obtained judgment against this defendant, Samuel Wilgees, in the district court of the United States, and thereupon issued an execution and levied on certain lands in his bill described, which he purchased at the sale of the marshal made by virtue of said writ, for the sum of $4,000, and that the said marshal gave him a certificate of sale according to law; that the said lands are pine-timbered lands, and that much of its value consists in the timber; and that he believes that if the pine and other trees should be felled, or cut down, or taken off of said lands, the said lands would not be worth as much by at least $2,000 as if left thereon, but if allowed to stand and remain on said lands under and pursuant to said certificate of sale, the same would be worth the said $4,000 and lawful interest from the time of said sale. The bill then charges the defendant with cutting a large amount of pine timber off these lands and thereby committing waste.

Samuel Wilgees, the principal defendant, in his answer, denies that he is engaged in cutting timber, further than that previous to the day of the sale he had entered into a contract to deliver logs at the saw-mill, and that the timber now being cut is in pursuance of such contract; and he declines to give copies of such contract or explain the consideration thereof; that the lands and premises are worth $10,000 and would be worth that sum if the pine timber were cut off; and that he is using the property in the same manner he did before the sale; and that he is furnishing the logs, etc., for the purpose of raising money to redeem the lands.

The first point to be determined is as to the jurisdiction of the chancery side of this court. There is no doubt of the decisions in the state of New York in favor of the injunction to stay waste at the instance of a purchaser in pursuance of the statute. Boyd v. Hoyt, 5 Paige, 65; Bank of Utica v. Messereau, 7 Paige, 517; Talbot v. Chamberlain, 3 Paige, 219. The statute of that state expressly authorizes an order for that purpose, which may issue in the form of an injunction.

How is it in Wisconsin? By section 100, c. 102, of "Judgments and Executions," Rev. St. 547, "the right and title of the person against whom the execution was issued, to any real estate which shall be sold thereby, shall not be divested by such sale until the expiration of twenty-seven months from the time of sale; and if such real estate shall not have been redeemed as herein provided, and a deed shall be executed in pursuance of a sale, the grantee in such deed shall be deemed vested with the legal estate from the time of the sale on such execution, for the purpose of maintaining an action for any injury to such real estate." It is very clear that the defendant is allowed, by this section, to retain the title and the possession of his lands sold upon execution for the term of twenty-seven months, and also, until the expiration of this term, the purchaser obtains neither the title, the possession, nor the right of possession. But if the property should not be redeemed by the payment of the amount bid and interest, then the purcha-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

er may obtain a deed, and consequently the right of possession; and by virtue of said deed he may be deemed vested with the legal estate from the time of the sale on the execution for the purpose of maintaining an action for any injury to such real estate. There is no authority given here to the purchaser to maintain a suit for waste until he acquires title, when he may sue for all damages committed from the day of sale.

Section 8, c. 109, of "Waste," p. 582, allows an order against a defendant in an execution or attachment levied on land, restraining him from committing waste on lands so levied upon or attached, at the instance of the plaintiff in such process. By section 9: "Whenever any lands shall be sold on an execution, the person to whom a certificate of sale may be executed by the sheriff, pursuant to such sale, may maintain an action on the case for waste against any person, for any waste committed by such person on the premises after such sale." Before the sale of these premises this complainant could obtain an order as plaintiff in the judgment and execution, restraining the defendant from committing waste; but after the sale he ceased to be such plaintiff and became the person to whom the certificate of sale is given as the purchaser, in pursuance of section 9. This section does not authorize the order, but merely permits an action on the case. The damages recoverable by virtue of this section are in the nature of a penalty. Why the legislature made the distinction in the two sections I cannot imagine, for the holder of the certificate should be as much entitled to an order to restrain waste as the plaintiff in the judgment or execution, but we must take the law as it is. Without this section 9, the purchaser could not proceed at law for waste or injury to the freehold until he obtained his deed. This section allows him some redress in the meantime. The two laws are not inconsistent, but are cumulative of the remedies such as they are.

In the absence of statutory authority can the holder of the certificate of sale put in motion the chancery side of this court? It is contended that section 17 of chapter 100, of "Waste," confers this power. That section provides that "the circuit court for each county shall have equity jurisdiction of all matters concerning waste in which there is not a plain, adequate, and complete remedy at law; and may grant injunction to stay and prevent waste." This section confers upon the circuit court the jurisdiction of a court of equity in all matters concerning waste, in which there is not a plain, adequate and complete remedy at law; but it does not say who may claim this authority of the court. It does not expressly authorize either a judgment creditor or attaching creditor, or the holder of a certificate of purchase of lands at sheriff's sale. Then we must see who are entitled to put this side of the court in motion. In the absence of legislative authority, the complainant in the bill for injunction to restrain waste ought to

show a good title to the land, and he must either have the possession, or the undisputed right to possession. Storm v. Mann, 4 Johns. Ch. 21; Hough v. Martin, 2 Dev. & B. Eq. 379, 385; Loudon v. Warfield, 5 J. J. Marsh. 196; 1 Fonbl. Eq. 31, note p. Now it is well settled that a judgment creditor or attaching creditor has no title to the land. Neither has the holder of a certificate of purchase any title or right to the possession of land until he obtains his deed, after the expiration of the time for redemption. They do not stand in the light of either mortgagees or mortgagors. A mortgagee is in the nature of a purchaser, and the waste lessens his security, and the mortgagor is the legal owner of the land. The land described in a mortgage is specially appropriated by the voluntary act of the parties as security for a certain debt, which equity will preserve and protect, while a judgment or attaching creditor is pursuing the lands adversely to the defendant, and the purchaser is considered a mere volunteer, without the request or contract of the defendant, and equity leaves both to their legal rights and remedies. The laws for the sale of land upon execution must contain the whole system within themselves, and the court cannot legislate to supply any supposed defects therein. Where relief in equity cannot be granted upon principles controlling and regulating the exercise of equity jurisdiction, the section referred to does not vest jurisdiction in the circuit courts. As the statutes have not authorized this proceeding, either at law or in equity, the injunction is not allowed.

NOTE. For the present statute concerning waste, which has taken the place of the one upon which this decision was founded, though following most of its provisions, see 2 Tayl. St. Wis. (1871) 1695, § 9. For the present statute, as to redemption from sales of lands under execution, consult same volume, page 1557 et seq. For a full discussion of the subject of injunctions to stay waste, with numerous citations of authorities, consult High, Inj. c. 9.