## Van Camp vs. Peerenboom.

Where a person having a contract for the purchase of land, under which he had gone into possession, conveyed the land by warranty deed with covenant of seisin, it was *held*, that his vendee acquired an interest in the land which was subject to the lien of a judgment against him, and to a sale on execution, under sec. 5, chap. 102, and sec. 9, chap. 4, R. S., 1849.

APPEAL from the Circuit Court for *Outagamie* County.

The complaint in this case alleged that on the 9th of August, 1858, the plaintiff and defendant entered into a written contract, by which the plaintiff, *Francis Van Camp*, in consideration of $450, of which sum $8 00 were paid in hand, agreed "to transfer, as soon as he could get his deed from the Fox & Wisconsin Improvement Company, in full title thereof," a certain piece of land in Outagamie county; that the plaintiff received his deed of the land from said company about the first of September, 1858, and thereupon offered the defendant a deed of it, but the defendant, who was in possession, refused to receive the deed or to make any further payment on the land. The complaint also stated that in June, 1858, the plaintiff let the house situate on said land to the defendant until the 1st of May, 1859, at a small rent payable monthly, and that the defendant still occupied the house and claimed to hold it and said land adversely to the plaintiff. Prayer, that the defendant pay the sum of $442, with interest, within such time as the court might direct, or be forever barred of all right to the land by virtue of the contract, and be ordered to deliver possession thereof to the plaintiff, &c. The defense was, that the plaintiff, when he offered the defendant a deed of the land, was not able to give him a perfect title; and the answer al-

leged in substance the facts stated below in the finding of the circuit judge. The answer also admitted that the defendant leased the house on said premises from the plaintiff, as stated in the complaint, but alleged that at the time of the execution of the contract for the purchase of the land, the lease was amended by consent of parties, and it was mutually understood that the "defendant should occupy the land without rent, until the title thereto should be perfected in the defendant."

The papers now on file in this court do not show when the suit was commenced; but the brief of the attorney for the appellant states that it was commenced May 20th, 1859.

On the trial, the circuit judge found the following facts: "1st. The plaintiff contracted with the Fox & Wisconsin Improvement Company for the land described in the complaint, previous to the deeds hereafter mentioned being given, and was in possesssion under said contract. 2d. On the 6th of November, 1857, the plaintiff conveyed the land by warranty deed to Anselmus Van Camp. 3d. On the 9th of January, 1858, Peter Hendricks recovered and docketed a judgment in this county against said Anselmus. 4th. On the 13th of August, 1858, Anselmus reconveyed the said premises to the plaintiff by warranty deed, recorded the same day. 5th. On the 9th of August, 1858, the contract set out in the complaint was executed. By this the plaintiff agreed to convey the premises to the defendant as soon as he should get his deed from the Fox & Wisconsin Improvement Co. 6th. On the 12th of October, 1858, said Hendricks caused execution to be issued on said judgment against the property of said Anselmus, and by virtue thereof the sheriff of said county levied on and sold pursuant to law the said land as the property of said Anselmus. 7th. In September, 1858, said plaintiff received his deed from the Fox & Wisconsin Improvement Company, and soon after offered to give the defendant a deed of said land on his paying the contract price therefor. The defendant refused to pay therefor, for the reason that said judgment was a lien and incumbrance on said land; and he was always ready and willing to pay for said land and take a deed of the same

whenever said judgment should be satisfied and said incum- <span>January Term, 1861.</span>
brance removed." And as conclusions of law, the court
held, that a party having possession of land under a contract <span>VAN CAMP v. PEERENBOOM.</span>
to purchase, has such an estate as is bound by the lien of a
judgment; that by the deed of November 6th, 1857, Ansel-
mus Van Camp acquired all the title which the plaintiff had
under his contract of purchase with the Fox & Wisconsin
Improvement Co.; that the plaintiff was estopped by that
deed from denying that his title was a perfect one; that
the judgment in favor of Hendricks was a lien on Anselmus
Van Camp's estate in the land; and that the plaintiff was
unable to make the defendant a good title at the time of the
decree; and therefore dismissed the complaint. The plain-
tiff excepted to the findings of fact, except the second, and
to the conclusions of law.

*R. P. Eaton*, for appellant, contended that the relief sought
by the complaint was a strict foreclosure, and that the de-
fendant, holding possession derived from the plaintiff, could
not question plaintiff's title. 7 Bac. Ab., 157–8; 6 Conn.,
198; 12 Wend., 57. By his contract for the purchase of
the land the defendant recognized the plaintiff's title; and
was a mere tenant at will not entitled to notice to quit. 1
Caines' R., 444; 2 id., 174, 215; 3 Johns., 223, 499; 4
id., 23, 210, 230; 7 id., 157, 186; 14 id., 224; 7 Cow., 637,
717, 747; 1 Wend., 418; 7 id., 401; 5 id., 246. 2. The
counsel for the respondent, while admitting that there was
no proof to sustain the first finding of the court as to ques-
tions of fact, claim that the fact so found is deducible from
the pleadings. But there is nothing in the complaint incon-
sistent with the supposition that the plaintiff at the date of
his deed to Anselmus, was a mere squatter on the land. If
so, his deed to Anselmus conveyed no title or interest in the
land which was liable to the lien of a judgment or to sale on
execution.

*Jewett & Hudd*, for respondent:

1. There can be no doubt from the proof, as to the facts
found by the court, except, perhaps, as to the single propo-
sition that the plaintiff had contracted with the Fox & Wis-
consin Improvement Co. for the purchase of the premises in

controversy. But that fact is deducible from the pleadings. The contract set out in the complaint implies it, and the answer avers it. 2. Under the statutes in force in January, 1858, the interest of a person in possession of land under a contract of sale was subject to the lien of a judgment against him, and to sale on execution. R. S., 1849, ·chap. 102, sec. 5; 2 N. Y. Rev. Stat., Revisers' 3d Ed., p. 454; 18 Johns., 94; 9 Cow., 73. 3. The complainant must do equity before he can demand it. Under his contract the vendee had the right of possession of the premises, and on paying the consideration, the right to a deed conveying full title. He should not be debarred of those rights through the negligence of the vendor, nor compelled to take an imperfect title at the hazard of a lawsuit. 5 Paige, 299; 7 id., 77; 10 id., 386.

May 22.          *By the Court*, COLE, J. Whatever interest the appellant had in the premises mentioned in the pleadings, was undoubtedly conveyed to Anselmus Van Camp by the deed of November 6th, 1857. At this time it appears he had a contract for the purchase of the premises of the Fox & Wisconsin Improvement Company. He had gone into possession of the land under this contract, and *for aught that appears* in the case, might have paid the full amount of the purchase money. Still, all of his interest in the land under this contract, whatever it was, he conveyed to Anselmus Van Camp by the above mentioned deed, which contained a covenant that he was well seized of the premises, and also covenants of warranty of title. Under these circumstances there is no room for doubt that Anselmus had such an interest in the premises as to subject them to the lien of the judgment recovered against him by Peter Hendricks on the 9th of January, 1858, and to a sale on execution on that judgment. For the statute then in force made a judgment of a court of record a lien upon all lands, tenements, real estate and chattels real belonging to the judgment debtor in the county where the judgment was rendered or a transcript thereof filed, and subjected such property to sale upon execution. Section 5, chap. 102, R. S., 1849. And in the .chapter pre-

scribing what rules should be observed in the construction
of statutes, it was declared that the words "land" and
"lands," and the words "real estate" and "real property,"
should be construed to include lands, tenements and heredi-
taments, and all rights thereto and interests therein.   Section.
9, chap. 4, R. S., 1849.   So that under those statutes the
judgment of Hendricks bound the land, and Anselmus Van
Camp's interest therein was sold under the execution.   The
purchaser at the sheriff's sale took whatever interest Ansel-
mus had in the premises.   It follows from this that when
the property was reconveyed to the, appellant, in August,
1858, it was thus reconveyed subject to that judgment.   The
appellant therefore could not give a good title to the pre-
mises which he sold to the respondent, under the contract of
August 9th, 1858, without discharging the Hendricks judg-
ment against Anselmus, or redeeming of the purchaser at.
the sheriff's sale, neither of which things has he done.   As
a matter of course, he ought not now to recover of the re-
spondent the purchase money for land to which he could
give no title.   The respondent states in his answer that he
will pay the purchase money whenever the appellant will
make him a good title, and this is all he should be required
to do.

It is objected by the counsel for the appellant that it does
not appear that his client had any right or interest in the land
at the time he executed the conveyance to Anselmus.   But
it is distinctly alleged in the answer that a long time previ-
ous to the execution of the contract set forth in the com-
plaint, the appellant had contracted with the Fox & Wiscon-
sin Improvement Company for the purchase of said pre-
mises, and that afterwards he conveyed them to Anselmus;'
and this averment is not denied.   It is but fair to assume
that it was the interest which he acquired under the contract
with the Fox & Wisconsin Improvement Company, which
was conveyed to Anselmus.   And in view of the clear and
distinct provision of our statutes before cited, it seems un-
necessary to elaborate upon the point as to whether the
judgment against Anselmus became a lien upon the premises
thus conveyed.   The statute made the judgment a charge

January Term, 1861.

upon the real estate belonging to Anselmus at the time of its rendition, and the words "real estate" are very comprehensive, sufficiently so to include his interest acquired by the conveyance from the appellant. In New York it has been held that even possession of lands is an interest which may be sold on an execution against the possessor. *Klein vs. Graham,* 3 Caines' R., 188; *Malin vs. Garnsey,* 16 Johns., 189; *Griffin vs. Spencer,* 6 Hill, 525. Also that a person in the possession of land under a contract for the purchase and sale of it, had an interest therein which might be sold on execution. *Stone vs. Scott,* 18 Johns., 94; *Cary vs. Parker,* 9 Cowen, 73; *Ten Eyck vs. Walker,* 4 Wend., 462. It was subsequently enacted in that state that the interest of a person holding a contract for the purchase of lands should not be bound by a judgment or sold on an execution, but that the remedy against property thus situated should be in equity. 1 N. Y. Rev. Stat., 744, sec. 4; *Talbot vs. Chamberlin,* 3 Paige, 219; *Grosvenor vs. Allen,* 9 id., 75; *Kellogg vs. Kellogg,* 6 Barb. (S. C.), 116; *Sage vs. Cartwright,* 5 Seld., 49; *Moyer vs. Hinman,* 17 Barb. (S. C.), 137; *Bigelow vs. Finch,* id., 394; *Mead vs. Gregg,* 12 id., 653. See also *Douglass vs. Huston et al.,* 6 Ohio, 156; *Baird vs. Kirtland,* 8 id., 21; *Huntington vs. Rogers,* 9 Ohio State, 511.

It was insisted that the judgment against Anselmus Van Camp was invalid on account of some irregularity in the proceedings for obtaining it. We fail however to discover any such irregularity in the suit of *Hendricks vs. Van Camp* as would in the least affect the validity or sufficiency of that judgment.

The conclusion at which we have arrived is, that the judgment of the circuit court must be affirmed.