## WATSON BAKER *vs.* ADELINE BAKER.

Barnstable.   Jan. 22.—June 29, 1878.   ENDICOTT & SOULE, JJ., absent.

The officer's return on a levy of execution upon land is, as against the judgment debtor, conclusive evidence of the competency of the appraisers.

The officer's return on a levy of execution upon two lots of land described them, by reference to the appraisers' certificate, as owned in severalty by the judgment debtor, (whereas in fact his interest was an undivided half as tenant in common with another person,) and as bounded by a road and by land of persons named and as containing one about five acres and the other as containing two acres.   In a writ of entry, brought by the judgment debtor against a person to whom the judgment creditor had conveyed one half of the two lots of land, the debtor contended that the levy was void because it failed to describe the land levied upon and the debtor's interest therein as required by law; and offered evidence that the lot described as containing "about five acres," contained twenty acres, and that the lot described as containing "two acres" contained eight acres; and that, at the time of the levy, the creditor, the officer and the appraisers supposed that the debtor owned but one quarter part of each lot, and intended to appraise that interest only.  *Held*, that the levy sufficiently described the land; and that the evidence was inadmissible.

WRIT OF ENTRY, dated September 30, 1876, to recover three undivided fourth parts of certain lands in Dennis.   Plea, *nul disseisin.*

At the trial in the Superior Court, before *Aldrich,* J., without a jury, it was admitted that on September 29, 1863, the demandant was the owner of two undivided fourth parts only of the demanded premises, and that on February 26, 1870, he became the owner of another undivided fourth part of the same.

The tenant, to show her title to two undivided fourth parts of the demanded premises, offered in evidence the levy of an execution in favor of the Bank of Cape Cod against the demandant, made on September 29, 1863, and a warranty deed from the bank to her.

The appraisers' certificate, on the levy of execution, was as follows: " We, the subscribers, having been first duly chosen and sworn, as above certified, faithfully and impartially to appraise such real estate as should be shown to us as taken by force of this execution, proceeded with the officer, Edward Thacher, to view and examine so far as necessary to form a just estimate of its value, the following described real estate situated in Dennis, in the county of Barnstable, shown to us by the within named

creditor as the estate of the within named Watson Baker the debtor, to wit: a tract of woodland and brush land called the clay-pit lot, and bounded on the north by the road to Edward Sears's, easterly by heirs of Samuel Chase and others, southerly by heirs of Reuben Baker and westerly by heirs of Rosanna Small, containing about five acres, and we have appraised said tract at the sum of one hundred and twenty-five dollars. Also another piece of woodland called Desire's lot, bounded west by land of Ahira Kelley and others, north by land of heirs of Eleazer Nickerson, easterly by land of Miller W. Nickerson and heirs of Eleazer Nickerson, south by land of Obed Baker, containing about two acres; and we have appraised said tract at the sum of thirty dollars. And we have set off all the parcels of land aforesaid by metes and bounds to the within named corporation, the President, Directors and Company of the Bank of Cape Cod, to hold to them and their assigns forever as an estate in fee simple and at the price above specified."

So much of the officer's return as is now material set forth that, by virtue of the execution, he seized "the real estate described in the foregoing certificate of the appraisers, the same having been attached on mesne process in the suit in which this execution was issued, and afterwards, on the twelfth day of October, 1863, proceeding with the levy, I caused three disinterested and discreet men to be sworn as appraisers as above, to wit: Miller W. Nickerson, who was appointed by the within named corporation the creditor, Marshall S. Underwood, who was appointed by me, and Alpheus Baker, who was appointed by me for the within named Watson Baker the debtor; said debtor being absent from and not a resident of this state and having no agent or attorney known to me." "And I this day levied this execution on said real estate described as aforesaid and delivered seisin and possession thereof to George A. King, agent and attorney of said corporation, the creditor, to hold to said corporation and its assigns forever, in part satisfaction of this execution as aforesaid."

The warranty deed from the bank to the tenant was of one half of Desire's lot and of the clay-pit lot, the metes and bounds of which were set forth and described as in the appraisers' certificate.

The demandant asked the judge to rule that the levy was void, so far as the demanded premises were concerned, because it failed to describe the land levied upon, and the debtor's interest therein as required by law. But the judge refused so to rule.

The demandant offered to prove that the appraiser chosen by the bank and the appraiser chosen by the officer were, at the time of such appointment and while acting as such appraisers, stockholders in the Bank of Cape Cod, the execution creditor, and that this fact was known to the bank at the time of said appointments and during their action as appraisers.

The demandant also offered to prove that the clay-pit lot, so called, contained, as bounded in the appraisers' certificate, twenty acres, and Desire's lot, so called, as so bounded, eight acres; and that, at the time of the levy, the bank, the officer and the appraisers supposed that the demandant owned but one undivided fourth part of the demanded premises, and that with the knowledge of and in accordance with the intentions of all parties in interest, but one fourth part of each of the lots was appraised and applied in satisfaction of the execution. The judge ruled that the evidence offered was inadmissible; and ordered judgment for the demandant for one undivided fourth part of the demanded premises only. The demandant alleged exceptions.

*J. M. Day*, for the demandant.

*H. P. Harriman*, for the tenant.

AMES, J. It is well settled that the return of an officer, as to all matters which are properly the subject of his return, is conclusive so far as it affects parties and privies to the process returned. *Slayton* v. *Chester*, 4 Mass. 478. *Bott* v. *Burnell*, 11 Mass. 163. *Bean* v. *Parker*, 17 Mass. 591. *Campbell* v. *Webster*, 15 Gray, 28. *Chappell* v. *Hunt*, 8 Gray, 427. *Smith* v. *Randall*, 1 Allen, 456. *Hannum* v. *Tourtellott*, 10 Allen, 494. Under this rule, as the demandant was himself the judgment debtor in the execution, upon which the title to the demanded premises depends, the objection that the appraisers were disqualified for the reason that they were not disinterested persons is one of which he cannot avail himself in this action.

The levy of an execution upon real estate, when conducted in conformity to law, operates as a kind of statute conveyance from the debtor to the creditor. Its effect, under the St. of 1783, *c.* 57.

§ 2, was to make as good a title to the creditor, his heirs and as
signs as the debtor had therein.  *Bartlet* v. *Harlow*, 12 Mass
347.   In the language of the statute now in force, " all the free-
hold estate and interest which the debtor has in the premises
shall be taken and pass by the levy, unless it is a larger estate
than is mentioned in said description " indorsed on the execu-
tion.   Gen. Sts. *c.* 103, § 8.   The land levied upon by virtue of
the execution is described by metes and bounds, and is identified
with as much precision as is necessary in a common conveyance
of land, which is all that the statute requires.   Gen. Sts. *c.* 103,
§ 5.   There can be no doubt that the description contained in
the return of the execution is to be interpreted upon the same
rules and principles that would govern if applied to the same
language contained in an ordinary deed of conveyance.   It is
well settled that known monuments referred to as boundaries
must govern, although neither courses nor distances nor the com-
puted contents correspond with such boundaries.  *Davis* v. *Rains-
ford*, 17 Mass. 207.   *Dana* v. *Middlesex Bank*, 10 Met. 250.   A
boundary on the land of a person named, even though there be
no visible monument or enclosure, has all the controlling effect
of an actual monument in limiting the extent of the grant.   *Cur-
tis* v. *Francis*, 9 Cush. 427, 438.   If the lot is otherwise described
with sufficient certainty, a considerable mistake as to the number
of acres would be immaterial.   *Clark* v. *Munyan*, 22 Pick. 410.
*Worthington* v. *Hylyer*, 4 Mass. 196.   The lot appraised and set
off in the execution is therefore identified with sufficient pre-
cision.

The only objection to the levy in this case is, that it purports
to be upon the entire lot as if held in severalty, when the judg-
ment debtor in fact had only an undivided fractional interest in
it, and was a tenant in common with some other person or per-
sons.   But it has been repeatedly held that this is not a valid
objection.   Thus in *Atkins* v. *Bean*, 14 Mass. 404, it was held
that the extent of an execution, purporting to be upon an undi-
vided seventh part of a lot of land, was valid to pass the debt-
or's title as tenant in common, although it proved to be an
undivided eighth part only.   The court said : " If one conveys
by deed more land than he owns, the deed is good for what he
does own.   So, if an execution be levied upon one hundred acres

and the debtor had a title but to fifty, the levy is good for the fifty." Such a mistake prejudices no one but the creditor. It is enough that the whole estate was appraised and set off at the appraisal. *Mechanics Bank* v. *Williams*, 17 Pick. 438. The debtor cannot say that more of his property has been applied to the execution than might fairly be so applied, or that the appraisal has subjected him to any hardship. *Root* v. *Colton*, 1 Met. 345.

The ruling of the court was therefore correct, and the demandant's *Exceptions are overruled.*