FRANK REYNOLDS *vs.* MARY M. FLEMING and Husband.

June 20, 1890.

**Vendor and Purchaser—Execution Sale of Purchaser's Interest.—** The interest of a vendee under a subsisting contract for the sale of land, under which he has entered and made improvements and paid part of the purchase-money, is subject to levy and sale upon execution.

**Same—Certificate of Sale—Description of Interest Sold.—**And where, in such case, the land is levied on and sold as his property, the sale is not void because his specific interest therein as vendee is not designated, but the certificate of sale will include the debtor's interest, and the purchaser will succeed to his rights under the contract.

Plaintiff brought this action in the district court for Douglas county, to compel a conveyance by defendants of certain described lands in that county, upon payment by plaintiff of the amount paid by defendant Mary on the contract for purchase mentioned in the opinion, and the amount of the taxes paid by her, with interest at the rate provided in the contract, the complaint alleging tender of such amounts and continued readiness to pay. The action was tried by *Searle*, J., who found the facts as stated in the opinion and ordered judgment for defendant Mary, who alone defended, from which judgment the plaintiff appeals.

*Geo. L. Treat*, for appellant.

*H. Jenkins*, for respondent.

VANDERBURGH, J. On the 15th day of June, 1876, Theresa Hicks, being then the owner of the village lot in controversy, bargained the same to Richard Fleming, and executed on that day a bond for a deed therefor, by the terms of which she obligated herself to convey the land to him upon being paid the purchase price named, $75 cash, and the balance, $50, in instalments, payable in one and two years. It is found that Fleming thereupon entered into possession of the premises under the bond, built a house and resided thereon with his wife, Mary Fleming, until the spring of 1883, when they

v.43M.—33

both removed from the premises, and have not since occupied the same themselves; but the possession was by him turned over to her, and she has since had the sole beneficial use and possession thereof by her tenants, and has received the rents by his consent. Defendant Richard Fleming did not pay any instalments of the purchase-money after the first, and the obligee in the bond did not at any time take any action to enforce or declare the bond void. On the contrary, the evidence shows that the same was recognized as a subsisting obligation until after the recovery of the plaintiff's judgment mentioned in the findings. The court also finds that the defendants held possession under the bond. Having entered and made the improvements by the consent of the vendor, and in recognition of the contract, the continued occupancy thereunder, by the consent of Hicks, was an affirmance of the contract. And the title and interest of the vendee could not be forfeited or extinguished until after reasonable notice; and the evidence shows that the vendor so understood it. While it is found that he surrendered the possession to his wife, yet there was no transfer of his interest to her; it is evident that he put her in charge of the property, and allowed her to collect the rents. This did not divest his interest or possessory rights in the property, or prevent the lien of plaintiff's judgment from attaching, if it otherwise would have done so. Plaintiff's judgment against the defendant Richard Fleming was recovered on the 26th day of October, 1885, while the original bond was still in force, and the sale of the premises upon execution against him was made on the 11th day of December, 1886. An attachment had previously issued in the same action, which was levied on the premises as the property of Richard Fleming, September 14, 1885. Subsequent to this levy and the sale upon execution, the premises were conveyed to the defendant Mary Fleming, she having paid the balance of the consideration money and interest due to Hicks, and at the same time the defendant Richard delivered to the latter a release of his interest in the property.

Upon these facts two questions are presented: (1) Whether the interest of Richard Fleming was subject to levy and sale upon execution; and (2) whether the levy upon and sale of the lot upon execution, as made by the sheriff, passed such interest to the purchaser,

so as to place him in the shoes of Fleming, and to entitle him to complete the purchase and to demand a deed under the bond.

Whether the vendee's interest under a land contract may be sold upon execution depends upon statute regulation. In a majority of the states, the general rule is that where a vendee has paid up in full, and has therefore the entire beneficial interest, and a complete equity, the land may be sold upon execution against him; but otherwise where he has paid only a part of the purchase price, his interest being treated as a mixed or complicated equity. But no distinction is made in the statutes of this state in this respect between what are called legal and equitable interests in land. By Gen. St. 1878, *c.* 66, § 300, it is provided that all property, real and personal, belonging to the judgment debtor, may be levied on and sold on execution; and by chapter 4, § 1, subd. 8, land or real estate "shall include lands, tenements, and hereditaments, and all rights thereto and interests therein." This was held in *Wilder* v. *Haughey,* 21 Minn. 106, to include equitable as well as legal interests in land. And the same construction is put upon a corresponding statute in Wisconsin. *Van Camp* v. *Peerenboom,* 14 Wis. 65. And in several of the other states, under substantially similar statutory provisions, the equitable interest of a vendee under a subsisting contract, though the purchase price is only partly paid, is subject to the lien of a judgment against him, and to levy and sale upon execution, and the purchaser at the execution sale becomes substituted to and acquires all the right, title, interest, and claim which the debtor had. The interest is one which is transferable by deed, and the sheriff's deed carries with it all that the debtor's deed could. *Fish* v. *Fowlie,* 58 Cal. 373; *Harrison* v. *Kramer,* 3 Iowa, 543; *Crosby* v. *Elkader Lodge,* 16 Iowa, 399, 405; *McMechen* v. *Marman,* 8 Gill & J. 57; *McMullen* v. *Wenner,* 16 Serg. & R. 18; *Auwerter* v. *Mathoit,* 9 Serg. & R. 397. The defendant Fleming had, then, an interest in the property which was subject to the lien of the judgment, and to levy and sale upon execution. As, in the case of a vendor, the lien of a judgment against him will be lost when his interest ceases by virtue of the performance of the conditions of his contract for the sale of land when they are fulfilled by the vendee, so the judgment creditor of the vendee takes the risk of

the forfeiture of the vendee's interest through default or laches; and a suit in equity to reach the vendee's interest may frequently be the better remedy.

2. The sheriff attached the land as the property of the defendant Richard Fleming, and it was sold upon execution as such. The execution directed the sheriff to satisfy the judgment out of the real property of the debtor, if no personal property could be found, and the land in question was sold in pursuance of such direction, and the ordinary certificate of sale issued; and though no specific interest is designated, it will be intended to extend to and include the debtor's interest in the land described therein. The sale and conveyance of the whole lot would convey a moiety or undivided interest. And, while it would be the better practice to describe the debtor's interest accurately, it is not absolutely essential, in ordinary execution sales, that the sheriff should specify in his notice and certificate the precise *quantum* of the debtor's estate therein. Under the language of the statute, the certificate describing the land will carry with it "all the right, title, and interest of the person whose property is sold in and to the same at the date of the lien upon which the same was sold." Gen. St. 1878, c. 66, § 322. The mistake would ordinarily prejudice no one but the creditor or purchaser, and the sale would not be null and void or outside the authority of the writ. *Mechanics' Bank* v. *Williams,* 17 Pick. 438; *Baker* v. *Baker,* 125 Mass. 7; *Pettee* v. *Peppard,* Id. 66, and cases; *Jackson* v. *Scott,* 18 John. 94, 98. In *Smith* v. *Lytle,* 27 Minn. 184, (6 N. W. Rep. 625,) the sale was in pursuance of a judgment specially directing the interest to be sold in a proceeding to enforce a mechanic's lien, and the officer departed from the directions of the court in making the sale. Without assuming to re-examine the facts in that case, or the strict application of the rule followed therein, it is sufficient to say that it is not to be extended to ordinary execution sales, and is inapplicable to the facts of this case.

Judgment reversed.