SOPHIE E. MINTON, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY et al., Appellants.

In 1878 S. executed and delivered to W. a conveyance of certain premises, absolute in form, but which were in fact intended by the parties as collateral security for advances made by W. to S. In 1882 W., at the request of S., conveyed said premises to plaintiff, who assumed a mortgage thereon and paid the balance of the purchase-price in cash, which was the full value of the premises, and S. received the benefit thereof. Plaintiff had no actual notice that the deeds to W. were intended as security

only. The premises were at the time of the conveyance in the posses-
sion of S. through his tenants, and plaintiff failed to inquire of them
as to the title under which they held. Possession was surrendered to
plaintiff after her purchase, and she continued in possession thereafter.
In an action to recover damages for injuries from the maintenance of an
elevated railroad in front of said premises, and to restrain its future
maintenance and operation, S. testified that the conveyance to plaintiff
was made with his consent, and that his debt to W. had been paid.
The court found that plaintiff has, since the conveyance to him, been
seized of an estate of inheritance in fee simple absolute in said premises,
and through his agents and servants been in possession of the same.
*Held*, no error; that plaintiff's failure to make inquiry of the tenants did
not, under the circumstances, affect his position as *bona fide* purchaser;
that the general rule that possession is notice to the person proposing
to purchase of the rights of the occupant did not apply; also, that S.
was estopped from asserting or maintaining any claim to the title, or
right to redeem.

(Argued October 13, 1891; decided December 22, 1891.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, entered upon an order
made January 6, 1890, which affirmed a judgment in favor of
plaintiff, entered upon a decision of the court on trial without
a jury.

This was an action to recover damages accruing for the main-
tenance of an elevated railroad in front of plaintiff's premises
in the city of New York, and to restrain its future maintenance
and operation.

The facts, so far as material, are stated in the opinion.

*Samuel Blythe Rogers* for appellants. It was error to find
that plaintiff was seized of an estate of inheritance in fee
simple absolute in the premises involved in this suit. (*Helcker
v. Reinheimer*, 105 N. Y. 470; *Hughes* v. *M. E. R. Co.*, 25
J. & S. 379; *Ensign* v. *Ensign*, 120 N. Y. 655, 656; *Odell
v. Montross*, 68 id. 504; *Carr* v. *Carr*, 52 id. 258; *Horn* v.
*Keteltas*, 46 id. 605; *Murray* v. *Walker*, 31 id. 399; *Shattuck
v. Bascom*, 105 id. 39; *Barry* v. *Ins. Co.*, 110 id. 1; *Taylor
v. Post*, 30 Hun, 454; *McBurney* v. *Wellman*, 42 Barb. 390;
*Tibbs* v. *Morris*, 44 id. 138; *Marks* v. *Pell*, 1 Johns. Ch.

594; *Strong* v. *Stewart,* 4 id. 167; *James* v. *Johnson,* 6 id. 417; *Henry* v. *Davis,* 7 id. 42; *Clark* v. *Henry,* 2 Cow. 324; *Whittick* v. *Kane,* 1 Paige, 202; *Slee* v. *M. Co.,* 1 id. 48; *Van Buren* v. *Olmstead,* 5 id. 9; *Holmes* v. *Grant,* 8 id. 243; *McIntyre* v. *Humphreys,* Hoff. 31; *Robinson* v. *Cropsey,* 2 Edw. Ch. 138; *Brown* v. *Dewey,* 1 Sand. Ch. 57; *Wright* v. *Bates,* 13 Vt. 341; *Palmer* v. *Guernsey,* 3 Wend. 248; *Douglas* v. *Culverwell,* 4 DeG., F. 20; Coote on Mort. [4th ed.] 22; Jones on Mort. §§ 241, 309; *Runyan* v. *Mersereau,* 11 Johns. 534; *Hitchcock* v. *Harrington,* 6 id. 290; *Coles* v. *Coles,* 15 id. 513; *Edwards* v. *Wray,* 12 Fed. Rep. 42; *Wright* v. *Wood,* 23 Penn. St. 120; *Sailor* v. *Hertzog,* 4 Whart. 259; *Hood* v. *Fahnestock,* 1 Penn. St. 470; *Kerr* v. *Day,* 14 id. 112; *Hanley* v. *Morse,* 32 Me. 287; *Vezio* v. *Parker,* 23 id. 171; *Cunningham* v. *Pattee,* 99 Mass. 248; *Dickey* v. *Lyon,* 19 Ia. 544; *Nelson* v. *Wade,* 21 id. 47; *Pritchard* v. *Brown,* 4 N. H. 397, 404; *Halsey* v. *Martin,* 22 Cal. 645; *Kuhn* v. *Rumpp,* 46 id. 299; *French* v. *Burns,* 35 Conn. 359; *Dutton* v. *Warschaner,* 21 Cal. 628; *O'Rourke* v. *O'Connor,* 39 id. 442; *Thompson* v. *Pioche,* 44 id. 508; *Putnam* v. *Gaty,* 10 Ill. 186; *Franz* v. *Orton,* 75 id. 100; *M. Bank* v. *Godfrey,* 23 id. 579, 607; *Haworth* v. *Taylor,* Saxt. N. J. Eq. 441; *Shapley* v. *Abbott,* 42 N. Y. 443; *Knettle* v. *Newcomb,* 31 Barb. 169; *Crawford* v. *Lockwood,* 9 How. Pr. 547; *N. Y. & O. R. Co.* v. *Van Horne,* 57 N. Y. 473; *Brewster* v. *Striker,* 2 id. 19; *Chatfield* v. *Simonson,* 92 id. 209; *Norton* v. *Coons,* 6 id. 42; *Hartley* v. *Tatham,* 2 Abb. Ct. App. Dec. 333; *Nichols* v. *Nusbaum,* 10 Hun, 214; *Wilcox* v. *Howell,* 44 N. Y. 403; *Storrs,* v. *Baker,* 6 Johns. Ch. 166; *Tilton* v. *Nelson,* 27 Barb. 595.) It was error to deny the defendants' demand for a jury trial of the cause of action for money damages for past trespasses. (*Colman* v. *Dixon,* 50 N. Y. 572, 574; *People* v. *A. & S. R. Co.,* 57 id. 161, 174; *McKeon* v. *See,* 51 id. 300, 305, 306; *Wheelock* v. *Lee,* 74 id. 495, 500; *Davis* v. *Morris,* 36 id. 569, 572; *Hudson* v. *Carye,* 44 id. 553; *Kempshall* v. *Stone,* 5 Johns. Ch. 193; *Barlow* v. *Scott,* 24 N. Y. 40, 45, 46; *Sternberger* v. *McGov-*

*ern,* 56 id. 12, 21; *Murray* v. *Hay,* 1 Barb. Ch. 59; *Cogs-well* v. *N. Y. C. & H. R. R. R. Co.,* 105 id. 319; *Shepard* v. *M. R. Co.,* 117 id. 442; Code Civ. Pro. §§ 791, 792; *Phil-lips* v. *Thompson,* 1 Johns. Ch. 131.) It is urged by plaintiff that a jury trial was waived by our failure to have issues framed under section 970 of the Code. This is untenable. (Code Civ. Pro. § 1009; *Waller* v. *Harris,* 20 Wend. 555; *McManus* v. *Gavin,* 77 N. Y. 36; *W. Cemetery* v. *P. P. & C. I. R. Co.,* 68 id. 591; Endlich on Inter. Stat. § 183.)

*G. Willett Van Nest* for respondent. The plaintiff is seized of the premises in suit as found by the court. (1 R. S. 756; 4 id. [8th ed.] 2470, § 2; *Dean* v. *M. E. R. Co.,* 119 N. Y. 550; *Ensign* v. *Ensign,* 120 id. 655; *Cadman* v. *Peter,* 118 U. S. 80; *Erwin* v. *Curtis,* 43 Hun, 292–294; *Shattuck* v. *Bascan,* 28 N. Y. S. R. 333; *Westfall* v. *Westfall,* 16 Hun, 541; *Bloomer* v. *Henderson,* 8 Mich. 495; *Woods* v. *Farmere,* 7 Watts, 384; *Scott* v. *Gallagher,* 14 S. & R. 333; *Newhall* v. *Pierce,* 5 Pick. 450; *Pope* v. *Allen,* 90 N. Y. 300; *Trenton* v. *Duncan,* 86 id. 230; 2 Waterman on Trespass, 346, § 909; *Wilson* v. *Hinsley,* 13 Md. 71, 73; *Harker* v. *Birkbeck,* 3 Burr, 1563; *Thorean* v. *Pallies,* 1 Allen, 426; *Catteris* v. *Conjer,* 4 Taunt. 547; *Rood* v. *N. Y. & E. R. Co.,* 18 Barb. 80; *Sweetland* v. *Stetson,* 115 Mass. 49; *Hunt* v. *Rich,* 38 Me. 199; *Inhabitants* v. *Thatcher,* 3 Metc. 239.) The plaintiff, as a purchaser of the property, has the same right to recover for past damages and to restrain future interference with the easements as Steward had. (*Abendroth* v. *N. Y. E. R. R. Co.,* 122 N. Y. 1; *Lahr* v. *M. E. R. Co.,* 104 id. 268; *Henderson* v. *N. Y. C. & H. R. R. R. Co.,* 78 id. 429; Laws of 1850, chap. 140, § 18; Laws of 1875, chap. 606, § 20; *S. A. E. R. Co.* v. *Kerr,* 72 N. Y. 333; *In re Comrs.,* 56 id. 152; *Bloodgood* v. *Mohawk,* 18 Wend. 19; *Taylor* v. *Hopper,* 62 N. Y. 649; *N. E. Bank* v. *M. E. R. Co.,* 108 N. Y. 660; *Dean* v. *M. E. R. Co.,* 119 id. 546; *Tallman* v. *M. E. R. Co.,* 121 id. 119; Sedg. on Dam. 296; *Francis* v. *Schoellkopf,* 53 N. Y. 152; *Story* v. *N. Y. E. R. Co.,* 90 id.

122; *Smith* v. *City of Rochester*, 38 Hun, 612; 104 N. Y.
674; *Corning* v. *T. I. & N. Co.*, 40 id. 191, 206; *Webb* v.
*Portland*, 3 Sumn. 189; *Wilts* v. *Swindon*, L. R. [9 Ch. App.]
451; *Lyons* v. *McLaughlin*, 32 Vt. 425; *Meyer* v. *Phillips*,
97 N. Y. 490, 491; *Garwood* v. *N. Y. C. & H. R. R. R. Co.*,
83 id. 406; *Ware* v. *Allen*, 140 Mass. 515; *Lund* v. *New
Bedford*, 121 id. 288–290; *Lunson* v. *Menosha*, 59 Wis. 298;
*Knox* v. *M. E. R. Co.*, 12 N. Y. Supp. 878.) There are no
valid exceptions to the admission of evidence. (*Abendroth* v.
*N. Y. E. R. Co.*, 122 N. Y. 1; *Kane* v. *N. Y. E. R. Co.*, 125
id. 125; *Crawford* v. *M. E. R. Co.*, 120 id. 625; *McGean* v.
*M. R. Co.*, 117 id. 222.) It was quite immaterial that Stew-
ard saw the road being constructed, even if there were any
evidence that he had. (*Abendroth* v. *N. Y. E. R. Co.*, 122
N. Y. 1; *Mattlage* v. *N. Y. E. R. Co.*, 67 How. Pr. 240; 16
N. Y. 97; 84 id. 182; *Ramsden* v. *Dyson*, L. R. [1 H. L.]
129; *McMurray* v. *McMurray*, 66 N. Y. 175.) No objec-
tion was raised to the recovery during the possession of any
tenants. (*Kane* v. *N. Y. E. R. R. Co.*, 125 N. Y. 164; *Post*
v. *M. E. R. Co.*, 125 id. 697; *Francis* v. *Schoellkopf*, 53 N.
Y. 152; *Taylor* v. *M. E. R. Co.*, 18 J. & S. 301; *Pollit* v.
*Long*, 58 Barb. 20; *Lambert* v. *Hake*, 14 Johns. 383; *Bell* v.
*Midland*, 10 C. B. [N. S.] 287; *Jesser* v. *Gifford*, 4 Burr,
2141; *Hare* v. *Jackson*, 11 Mass. 519; *Sumner* v. *Tileston*, 7
Pick. 198; *Timlin* v. *S. O. Co.*, 126 N. Y. 514; *Jennings* v.
*Van Schaick*, 108 id. 534; *Doyle* v. *Lord*, 64 id. 437.) The
Court of Appeals will not consider the competency of a wit-
ness after that has been determined by the trial court. (*Slo-
covitch* v. *O. Ins. Co.*, 108 N. Y. 56; Lewis on Em. Domain,
§ 437; *Jones* v. *Tucker*, 41 N. H. 546; *Nelson* v. *S. M. Ins.
Co.*, 71 N. Y. 460; *Swan* v. *Middlesex*, 101 Mass. 177; *Tooley*
v. *Bacon*, 70 N. Y. 37.) Even if the court should find that
any errors have been committed by the trial court, it must
affirm an equity judgment where there remains sufficient evi-
dence to support it. (*In re N. Y. C. R. R. Co.*, 90 N. Y. 347;
*Forrest* v. *Forrest*, 25 id. 501, 510; *Marsh* v. *Pierce*, 21
Wkly. Dig. 51; *Wright* v. *Moschowitz*, 10 Civ. Pro. Rep.

107; *Machen* v. *L. Ins. Co.*, 2 id. 28; Code Civ. Pro. § 1003; *McLean* v. *M. R. Co.*, 117 N. Y. 219; *Shapcott* v. *Chappel*, L. R. [12 Q. B. D.] 58.) The judgment of injunction must be affirmed, even if there be any error as to the award for past damages. (*Corning* v. *T. I. & N. Co.*, 40 N. Y. 191, 206; *Smith* v. *City of Rochester*, 38 Hun, 612; *Webb* v. *City of Portland*, 3 Sumn. 189; *Kane* v. *N. Y. E. R. R. Co.*, 125 N. Y. 165; *Tallman* v. *M. E. R. Co.*, 121 id. 119; *N. Y. N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 511; 108 N. Y. 660; *Lawrence* v. *M. E. R. Co.*, 12 N. Y. Supp. 546; 126 N. Y. 483; *Carter* v. *N. Y. E. R. Co.*, 25 J. & S. 279; *Henderson* v. *N. Y. C. R. R. Co.*, 17 Hun, 352; Bishop on Patents [2d ed.], 629.)

HAIGHT, J.   The judgment appealed from enjoins the defendants from the further maintenance of their elevated railway in Pearl street, in the city of New York, in front of the plaintiff's premises abutting upon that street and known as numbers 95 and 97, unless the defendants pay to the plaintiff the sum of $9,500, as the value of the easements appurtenant to the premises taken by the maintenance and operation of the road.

The trial court has found as a fact that the plaintiff " is now and has been since the 27th day of November, 1882, seized of an estate of inheritance in fee simple absolute in the premises. * * * And has since the said 27th day of November, 1882, been and now is possessed of said premises through her agents and servants." An exception was taken to this finding which presents the only question we are called upon to determine.

The facts are substantially without dispute. At the time of the construction of the elevated railroad, the premises in question were owned by one John Steward, who had leased the same to tenants who were in the actual possession thereof. On November 21, 1878, and December 21, 1878, Steward executed and delivered to Charles G. Wolff two instruments in writing under seal, purporting to convey the premises to Wolff. But the instruments were in fact given, received and

intended by both parties thereto as collateral security for advances of money made and to be made by Wolff to Steward. On November 22, 1882, Wolff executed and delivered to Sophie E. Minton, the plaintiff, a deed of the premises in con sideration of the sum of $50,000, which she paid by assuming a mortgage of $30,000, then outstanding upon the property, and the balance in cash. This deed was executed by Wolff at the request of Steward, and they both intended that the deed to the plaintiff should convey to her the fee. There is no pretense but that the plaintiff paid full value for the premises. If, therefore, she purchased *bona fide* without notice that Wolff's deeds were intended as a security for the loans of money, she obtained a good title. ( *Whittick* v. *Kane,* 1 Paige, 202; *White* v. *Moore,* Id. 551; *Berdell* v. *Berdell,* 33 Hun, 535; *Meehan* v. *Forrester,* 52 N. Y. 277.)

There is no evidence showing that the plaintiff had actual notice, but it is contended that she had constructive notice from the fact that Steward was in possession through his tenants, and that because she failed to make inquiry of them as to the title under which they held, she should be treated as though she had actual notice.

We are aware of the general rule that possession is notice, to the person proposing to purchase, of the rights of the occupant, but question its application in this case under the facts disclosed.

As we have seen, the trial court has found that the plaintiff entered possession on the same day that she received her deed. And the inference to be drawn from the testimony is that possession was given her by the agent or broker of Steward, and with his consent. Steward testified that he collected the rents after 1878; that he collected in the years 1880, 1881 and 1882; that that was the last. He could not tell when he ceased to collect rents, for he did not remember when the premises were conveyed. The date of the deed to the plaintiff was, as we have shown, November 22, 1882. He ceased to collect the rent in that year, and it is quite apparent that he intended to be understood that he collected the rents down to the time that

the premises were conveyed and then stopped. Again, he testi-
fied : " The conveyance made by Wolff to Minton was with
my consent. I had authorized him for some time to sell the
property ; he was authorized to sell the property and to pay
me the difference after it was sold from the balance in his
hands. There were no writings about it. Mr. Wolff acted as
my broker. That is the amount of it ; I employed him. He
was my broker in the matter of borrowing the money in con-
nection with the transactions in which I raised the money.
They were transactions of a mercantile character." Steward
further stated that his debt had been paid off ; that he did not
know of the transaction between Wolff and Minton at the
time the property was sold on that particular day, or what
consideration passed between them. He could not tell the
precise amount, but had a general idea of the amount, and
could not tell whether his debt was paid before or after the
conveyance to Minton. Wolff testified that the sale to Min-
ton " was made after conversation with Mr. Steward upon the
subject and with his authority." This testimony, with the
inference to be drawn therefrom, appears to us to clearly
establish the facts as above stated, and consequently to take
the case out of the general rule.

We are also of the opinion that Steward is now estopped
from asserting or maintaining any claim to the title or right
to redeem. As we have seen, the sale to the plaintiff was made
with his knowledge, consent and authority. It was made by
his broker who was employed for that purpose, and authorized
to sell. Steward had the benefits of the proceeds of the sale.
The thirty thousand dollar mortgage was assumed by the plain-
tiff and Steward says his debt to Wolff was paid. Wolff says
the balance of the purchase-price after paying taxes, etc., was
applied by him on Steward's indebtedness. Steward has ever
since acquiesced in the sale and still continues to do so. Can
he now, after reaping the benefits, be permitted to complain
of the transaction and establish a claim to the property ? We
think not. It would be in violation of well-established rules,
and contrary to the principles of equity. ( *Wilson* v. *Par-*

*shall,* 27 N. Y. S. R. 178; *Gennerich* v. *Ulrich,* 35 id. 144; *Noxon* v. *Glen,* 2 id. 661; *McNeil* v. *Tenth National Bank,* 46 N. Y. 325; *Merchants' Bank of Canada* v. *Livingston,* 74 id. 223.)

The other questions involved have been recently disposed of. (*Pappenheim* v. *Metropolitan E. R. Co.,* 40 N. Y. S. R. 445; 128 N. Y. 436; *Lynch* v. *Same,* 129 id. 274.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.