### A. H. ESTY v. MARCELLA CUMMINGS.[1]

July 20, 1900.

Nos. 12,091—(203).

**Estoppel by Deed.**

> An owner of real property, who conveys it to a third person for the purpose of enabling such third person to mortgage the same to procure funds with which to pay off a prior mortgage indebtedness against the property, even though such conveyance be limited by a contract of defeasance, and thereby rendered an equitable mortgage, instead of a conveyance of the absolute fee, is estopped from questioning the power and authority of such third person to so mortgage such property as to the mortgagee who loaned money to such third person in good faith, without notice of such defeasance, and in reliance on the appearance of title in him.

**Verdict Sustained by Evidence.**

> Evidence examined, and *held* to sustain the verdict.

Action of ejectment in the district court for St. Louis county. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff.    From an order denying a motion for a new trial, defendant appealed.    Affirmed.

[1] Reported in 83 N. W. 420.

*R. R. Briggs,* for appellant.

*Francis W. Sullivan,* for respondent.

BROWN, J.

Action in ejectment. A former appeal is reported in 75 Minn. 549, 78 N. W. 242. The plaintiff had a verdict in the court below, and defendant appeals from an order denying a new trial. The short facts are as follows:

In August, 1894, Alexander D. Cummings, the husband of defendant, was the owner of the premises in question. They were then incumbered by three valid mortgages, aggregating, without interest, $7,900. The first and second of these mortgages had been foreclosed, and the time of redemption was about to expire. One Nels Hall owned the third mortgage, but neither Cummings nor Hall had money sufficient to make redemption from such foreclosures. To enable Hall to make a loan upon such property for the purpose of raising the necessary amount to effect redemption, and thereby save the property from such foreclosures, and at the same time protect Hall's mortgage, said Cummings and this defendant, his wife, duly executed and delivered to Hall a warranty deed of the premises in the usual form, which was thereafter duly recorded. Thereafter, and on October 9, 1894, in pursuance of said arrangement, said Hall negotiated a loan of $5,000 from plaintiff through his agent, one Lucas, and to secure the repayment thereof executed and delivered to plaintiff a mortgage upon such property. The money so loaned was used to effect a redemption from such foreclosures, and for no other purpose. Default having been made in the payment of this mortgage, plaintiff caused it to be foreclosed on July 10, 1896. No redemption was ever made therefrom.

The defendant is in the possession of the property, and seeks to defeat plaintiff's title on the ground that Hall had no power or authority to mortgage the same to plaintiff. It is contended in this behalf that at the time the deed to Hall was executed there was also executed by Hall to the Cummingses an agreement that Hall should reconvey the property to them upon payment by them to Hall of all sums due on the three mortgages then existing against the property, and it is claimed that the transaction amounted to a

mortgage to Hall, and that he had no authority whatever to remortgage the property to plaintiff. The defeasance contract from Hall to the Cummingses was in fact made, but it was not recorded for more than a year after the execution of plaintiff's mortgage, and the verdict of the jury negatives the fact that plaintiff or his agent, Lucas, had any notice or knowledge of it. In fact, the verdict is, in effect, a finding of all disputed facts in favor of plaintiff. Those we have outlined above are the principal and controlling facts in the case.

Appellant has gathered together material for 77 assignments of error, but, as we view the case, there is but one question requiring special consideration, and all assignments not pertinent thereto need not be considered. The question to determine is whether defendant and her husband are estopped from denying the authority of Hall to execute the plaintiff's mortgage. If they are, and there be no error in the record pertinent to that question, the order appealed from must be affirmed. If such be the case, plaintiff is entitled to judgment, and all other matters disclosed by the voluminous record become wholly immaterial.

As we have already noted, the verdict of the jury establishes the fact that the object of the transaction between Hall and the Cummingses was to clothe Hall with title to the property for the purpose of mortgaging it to procure money with which to redeem from prior mortgage foreclosures; that plaintiff loaned the money to Hall, taking the mortgage in question in good faith, and in the belief that Hall owned the property. The money so loaned was used in making the contemplated redemption, and the loan has never been repaid to plaintiff. Plaintiff knew nothing about the private arrangements between Hall and Cummings relative to a reconveyance of the property, and had a right to rely upon the appearance of title in Hall. We hold, and without hesitation, as was held when the case was here before, that the defendant is estopped from denying the validity of plaintiff's mortgage. She clothed Hall with title to the property, empowered him to make a loan thereon for her benefit, and cannot now be heard to dispute that which her conduct induced, and was intended to bring about. Minton v. New York, 130 N. Y. 332, 29 N. E. 319; Sweetzer's Appeal, 71

Pa. St. 264, 273; Sliney v. Davis, 11 Colo. App. 480, 53 Pac. 687; Alexander v. Ellison, 79 Ky. 148. Defendant did not own the property so conveyed and mortgaged. She joined in the deed as the wife of A. D. Cummings, but is equally bound with her husband.

"Married women cannot enjoy these enlarged rights of action and of property and remain irresponsible for the ordinary legal and equitable results of their conduct. Incident to this power of married women to deal with others is the capacity to be bound and to be estopped by their conduct, when the enforcement of the principle of estoppel is necessary for the protection of those with whom they deal." Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870; Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379.

We have carefully examined the evidence, and find it amply sufficient to sustain the verdict. The record discloses no errors bearing on this controlling branch of the case, and none with reference to other questions which are in any way prejudicial to defendant, and the order appealed from must be affirmed. So ordered.