EUGENE F. HOOK v. NORTHWEST THRESHER COMPANY.[1]

February 11, 1904.

Nos. 13,642—(178).

**Equitable Interest—Sale on Execution.**

The vendee in an executory contract for the sale of lands has, before the cancellation thereof, an equitable interest in the property, which is subject to sale on execution against him. This rule applied where the notice of forfeiture provided for under the contract had not been given.

[1]Reported in 98 N. W. 463.

**Homestead.**

>    Such equitable owner is entitled to his statutory homestead in the property; but where he does not designate the same, such homestead may be set apart for his benefit by the officer making the sale on execution.

Appeal by defendant from a judgment of the district court for Lyon county, entered pursuant to the findings and order of Webber, J. Reversed, and remanded.

*Davis, Kellogg & Severance, Robert E. Olds,* and *N. J. Robinson,* for appellant.

*Korns & Johnson,* for respondent.

LOVELY, J.

This is an action to determine adverse claims to a tract of land in Lyon county. It was tried to the court, who made findings of fact and ordered judgment which was entered for the plaintiff, determining against defendant's asserted interest. Defendant appeals.

The evidence is not returned, and the question presented on this review is whether the facts found by the trial court support its conclusion of law. The findings of fact may be summarized as follows: On July 21, 1899, D. A. Stewart was the owner of three hundred twenty acres of land. He entered into a written contract with Lewis G. Larson to sell the same for $8,000, the payments to be made in instalments, $800 down, and $800 on November 1 of each subsequent year, with interest at six per cent. until the entire purchase price should be discharged. Larson was to have immediate possession, and upon failure to make any of the payments when due the contract might, at the option of the grantor, be forfeited and determined upon thirty days' notice in writing. Larson took possession, built a house, barn, and made other improvements thereon. During the fall of 1899, he paid the owner $640 to apply on the contract, but made no further payments, although he continued in possession. Stewart never gave any notice of cancellation or forfeiture. On February 27, 1900, the Minnesota Thresher Manufacturing Company recovered a judgment against Larson for $1,045.83, which was duly entered and docketed on February 27, 1900. Subsequently this judgment was assigned to one Brunson, who in turn transferred it to the defendant in this action. The assignments were properly recorded in the office of the district

court of Lyon county, where the judgment was rendered.   On December 5, 1900, subsequent to the entry and docketing of the judgment, Larson contracted to sell his interest in the land back to Stewart, the owner in fee, and pursuant to this agreement, for a cash consideration, surrendered the contract of sale.   On the same day the plaintiff, Hook, made an independent contract with Stewart to purchase the land for $10,080, which he complied with, having knowledge of the transaction whereby Larson gave back the land, but having no actual knowledge of the judgment referred to or of the docketing thereof. Larson continued in possession of the farm after his surrender of the contract to Stewart by virtue of a lease from the plaintiff.   In July, 1902, defendant caused an execution to be issued against Larson upon the judgment, and in accordance therewith the sheriff of Lyon county levied upon the land, and sold the interest of Larson therein, except eighty acres thereof, which the sheriff set aside as Larson's statutory homestead.

Under the express provisions of our statutes, when a judgment has been rendered and duly docketed, it becomes a lien thereafter for ten years "on all the real property of the debtor in the county owned by him at the time."   G. S. 1894, § 5425.   The terms "lands" and "real estate" have been defined to "include lands, tenements, hereditaments, and all rights thereto and interests therein."   G. S. 1894, § 255, subd. 8; § 6842, subd. 14.

An owner of a right or interest in land, legal or equitable, may be properly spoken of as the owner of the land in which he possesses such right or interest.   Wilder v. Haughey, 21 Minn. 101.   In Reynolds v. Fleming, 43 Minn. 514, 45 N. W. 1099, it was held that under the statute permitting a judgment creditor to levy upon all property, real and personal, belonging to a judgment debtor, a vendee's interest under an executory contract for the sale of land might be sold on execution.   In Atwater v. Manchester Sav. Bank, 45 Minn. 341, 48 N. W. 187, this court laid down the rule that under the statutes above cited equitable interests in real property are subject to the lien of a judgment, and may be sold on execution.   See also Marston v. Williams, 45 Minn. 116; 47 N. W. 644.   In other states having statutes similar to ours in respect to the effect of liens upon interests in land

the same doctrine has been applied and enforced. Van Camp v. Peerenboom, 14 Wis. 65; Lippencott v. Wilson, 40 Iowa, 425.

It would seem to follow necessarily from our own decisions above cited that, if Larson had any substantial interest or equitable right in the property at the time the judgment was docketed, it became a lien thereon affecting all persons having actual or constructive notice thereof, and that the sale by the sheriff would transfer such rights to the purchaser. Under the forfeiture clause in the contract the interest which Larson had acquired by his possession, improvements, and the payment of a part of the purchase money which had been accepted by the fee owner entitled the judgment debtor to substantial rights of an equitable character, from which he could be cut off only by the giving of the notice provided for in the contract and the termination of Larson's interest thereby before the judgment was docketed. Whether such equitable interest would be practically available or of efficacious value could not be a question that should affect the determination of the rights of the judgment creditor in an action to determine adverse claims where he asserts the interest he secures upon the execution sale, and we are unable to reach any other conclusion than that the court erred in not giving in this action the benefit thereof to the defendant.

While it is clear that the owner of an equitable interest may assert and claim a statutory homestead therein, and that a sale of the entire tract without a recognition of such homestead right in some way would be void (Wilder v. Haughey, supra; Keith v. Albrecht, 89 Minn. 247, 94 N. W. 677), yet the proceedings to set apart a homestead by the sheriff are not questioned in this case, and appear to have been regular, and in accordance with the statutory provisions relative thereto. G. S. 1894, §§ 5523–5525. The officer's duties in this regard, in the absence of a finding to the contrary, we must presume were legally executed, and that he selected for the judgment debtor not only the proper quantity in area, but fairly designated the same for his benefit.

We are of the opinion that the judgment must be reversed, and the cause remanded for further proceedings.