## CHARLIE WHEELER v. OLE N. NELSON.[1]

July 16, 1915.

Nos. 19,299—(212).

**Finding sustained by evidence.**

1. The finding of the trial court that defendant Olsen never had any interest in the land in controversy is sustained by the evidence.

**Conveyance through third person — lien of judgment against him.**

2. A creditor of a party selected as a mere medium through whom a conveyance of land is made does not, by reason of that fact alone, acquire any right, title or interest in the land by virtue of a judgment existing against such medium.

[1] Reported in 153 N. W. 861.

Action in the district court for Hennepin county to determine adverse claims of defendant to the premises described in the complaint. The court ordered additional parties to be made defendants in the action. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff. Defendant's motion for amended findings was denied. From an order denying his motion for a new trial, defendant Nelson appealed. Affirmed.

*Everett Moon,* for appellant.

*Robert R. Odell,* for respondent.

SCHALLER, J.

Action to determine adverse claims to lands in Hennepin county, Minnesota. The court found that plaintiff has title in fee in the real estate in controversy, and that defendant Nelson has no lien upon or interest in said real estate by virtue of a certain judgment against Iver A. Olsen, and ordered judgment accordingly.

Defendant Nelson moved for a new trial and appeals from the order denying the same.

On August 31, 1910, defendant Nelson recovered a judgment against Iver A. Olsen in the Minneapolis municipal court for $301.04. On the same day a transcript was duly filed and docketed in the office of the clerk of the district court in and for Hennepin county, Minnesota.

On August 30, 1911, Clara G. Davies, owner in fee of the land in controversy, executed a warranty deed of the land to Iver A. Olsen, her husband, Charles W. Davies, joining. This deed was filed for record September 1, 1911. Under date of August 31, 1911, Iver A. Olsen, his wife joining, executed his warranty deed of the same land to the plaintiff. This deed was filed for record September 2, 1911. Plaintiff's title is derived solely through these two deeds.

Soon after acquiring the land, which before that time had been vacant and unoccupied (and the title to which had never been registered), the plaintiff erected and occupied a dwelling house thereon and has ever since occupied the same as his homestead.

We quote from the findings of fact:

"6. Defendant Olsen was a real estate agent in a small way, with-

out means or credit; he told defendants Davies that he had a purchaser for this land and asked them to name a price. They fixed the price at $200 net, Olsen to get his pay from the buyer and to have any amount that he could get over and above $200.

"It was thereupon arranged that Mrs. Davies and her husband should execute a deed to Olsen and place it in escrow with one W. S. Jenkins, to be delivered to Olsen, or to any one named by him upon payment to Jenkins of $200. Meanwhile the plaintiff herein had agreed with Olsen to pay $225 for the land upon delivery of a proper conveyance thereof to him and had placed said sum in the hands of Mr. Jenkins for that purpose. The defendant Olsen and his wife executed their deed to plaintiff who accepted the title as transferred by the two deeds.

"Jenkins then paid the $200 to Mrs. Davies and twenty-five dollars (less the sum of $8.00, escrow conveyancing and recording fees), to Olsen. Jenkins delivered the deeds and caused the Davies deed to be recorded.

"7. Defendant Olsen did not in fact either buy or sell the property. The purchase price was furnished by the plaintiff, who also paid the brokerage or commission of $25. In taking and transmitting the record title, Olsen acted solely as a channel of conveyance from the real seller to the real buyer, the taking and surrender of title being simultaneous and parts of one and the same transaction. Neither deed took effect until the purchase money was paid over by Mr. Jenkins with whom both deeds had been placed in escrow."

The evidence sustains the finding of the trial court that defendant Iver A. Olsen never had any interest in the land. The deed was never delivered to him. It was placed in escrow. He never had the seisin. No consideration ever passed from him to any one. He was merely the medium through whom title was conveyed to plaintiff.

A creditor of a party selected as a mere medium through whom a conveyance of land is made does not, by reason of that fact alone, acquire any right, title or interest in the land by virtue of a judgment existing against such medium. Sokolowski v. Ward, 98 Minn. 177, 107 N. W. 961; Jorgenson v. Minneapolis Threshing Machine Co. 64 Minn. 489, 67 N. W. 364.

Order affirmed.