# FARMERS & MERCHANTS STATE BANK OF THIEF RIVER FALLS v. OSCAR STAGEBERG.[1]

January 9, 1925.

No. 24,411.

**When lien of judgment creditor does not attach to naked legal title of debtor who has not beneficial ownership.**

1. The plaintiff was the owner of the legal title, and the defendant of the equitable title under a contract of purchase. The intervener docketed a judgment against the defendant which became a lien upon his equitable title. To enable the defendant to obtain a loan, pay the amount due on the contract of purchase, and acquire the legal title, the plaintiff made and recorded a deed to the defendant, without consideration. The intervener's judgment became an apparent lien upon the legal title in the defendant. The loan failing the defendant had no greater interest in the land than he had before.

**Intervener not protected as good faith lienor.**

2. The recording statute does not apply to such a situation, and the intervener was not protected by it as a good faith lienor.

**When judgment creditor takes lien on debtor's interest.**

3. A judgment creditor, when the recording act does not apply, and in the absence of an estoppel or a controlling equity, is not in the position of a bona fide purchaser or lienor but takes a lien on such interest as his judgment debtor has.

**Intervener had no lien after equitable title was divested.**

4. The cancelation of the defendant's contract of purchase, by notice under the statute, divested his equitable title, and the intervener then had no lien.

Action in the district court for Pennington county to cancel a deed and decree that plaintiff was owner of the premises conveyed. Emerson-Brantingham Implement Company intervened. The case was tried before Watts, J., who ordered judgment in favor of plaintiff. This order was thereafter set aside and the case was tried to-

[1] Reported in 201 N. W. 612.

gether with another case by the same plaintiff against the implement company for the purpose of quieting title before Grindeland, J., who ordered judgment in favor of plaintiff. From an order denying its motion for a new trial, Emerson-Brantingham Implement Company appealed. Affirmed.

*William Furst,* for appellant.

*G. Halvorson,* for plaintiff.

*Theo. Quale,* for defendant.

DIBELL, J.

The issue is between the plaintiff bank and the Emerson-Brantingham Implement Company, intervener. The plaintiff claims to be the owner in fee of land in Pennington county free of encumbrances. The intervener claims a lien by virtue of a judgment against the defendant Stageberg. There were findings for the plaintiff and the intervener appeals from the order denying his motion for a new trial.

1. In 1919 the plaintiff was the owner in fee of the land involved. Its legal title was subject to an outstanding equitable title under a contract of purchase afterward assigned to the defendant Stageberg. The assignment was recorded on October 15, 1923. On August 21, 1923, a judgment for $1,509.08 was docketed in Pennington county in favor of the intervener against Stageberg. It was a lien on his equitable interest. Hook v. Northwest Thresher Co. 91 Minn. 482, 98 N. W. 463; Reynolds v. Fleming, 43 Minn. 513, 45 N. W. 1099.

For some time negotiations were under way whereby Stageberg was to get a loan from the Minnesota Rural Credits Bureau, pay the unpaid portion of the purchase price, and acquire the legal title. The plaintiff bank attended to the details. On October 15, 1923, it executed and recorded a deed to Stageberg. He made a mortgage to the bureau which was recorded. The deal failed of completion and the bureau satisfied the mortgage. The purpose of giving and recording the deed was to show a fee title in the mortgagor. The deed was not intended as a gift to Stageberg, there was no consideration for it, and it was to be effective only as a part of the transaction

which was to result in a loan. As between the plaintiff and Stageberg, the loan failing, the latter had no greater interest in the land than he had before, that is, an equitable title under a contract of purchase. The intervener's judgment became an apparent lien on the fee title in Stageberg when the deed to him was recorded. G. S. 1923, § 9400; G. S. 1913, § 7905.

2. The intervener claims to be an innocent lienor under the recording act which protects a subsequent good faith purchaser first recording or a judgment creditor docketing his judgment as against an earlier purchaser not recording. G. S. 1923, § 8226; G. S. 1913, § 6844. The recording act is without application. There was no prior or subsequent purchaser or judgment creditor within the meaning of the statute, and no failure to record.

3. A judgment creditor, when the recording statute does not apply, and in the absence of an estoppel, or controlling equity, is not in the position of a bona fide purchaser or lienor, and his lien does not attach to a naked legal title of which the judgment debtor has no beneficial ownership. See Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449; School District v. Peterson, 74 Minn. 122, 76 N. W. 1126, 73 Am. St. 337; Fleming v. Wilson, 92 Minn. 303, 100 N. W. 4; Wheeler v. Nelson, 130 Minn. 365, 153 N. W. 861. His lien attaches to such interest as his debtor has. 1 Black, Judgments, § 400, et seq., 2 Freeman, Judgments (4th ed.) § 357; Kleber, Void Jud. Sales, § 206; 34 C. J. 591; 15 R. C. L. 799. Of course a good faith mortgagee or purchaser taking from Stageberg after the recording of the deed to him would be protected. Esty v. Cummings, 80 Minn. 516, 83 N. W. 420. This would be by estoppel and not by the recording act.

4. The court finds upon sufficient evidence that Stageberg's equitable title was divested under G. S. 1923, § 9576, G. S. 1913, § 8081, by a cancelation on notice of his contract of purchase. With it went the intervener's lien, and it now has nothing.

Order affirmed.