Sanborn, J.,
The full report in this ease is as follows:
“This is an action of contract in which the plaintiffs seek to recover the amount due on a promissory note. The defendant filed a plea in abatement, which plea was dismissed by the Court.
“The plaintiffs drew a writ dated August 5,1938, and subsequently secured from the Court written permission to attach money or credits due for the wages of personal labor or services of the defendant, which permission was endorsed on the writ.
“An officer made service upon the trustee and upon the defendant. The copy of the writ served upon these parties did not contain a copy of the written permission of the Court for the attachment of money or credits due for wages to the defendant, but in all other respects the copy was complete. The defendant, appearing specially by her attorney within the time al *150 lowed for filing an answer, filed a plea in abatement on the ground that an attested copy of the writ had not been served upon the defendant. The trustee filed an answer showing funds of the defendant in its possession. The trustee appeared generally, pro se, and the same attorney did not represent the defendant and trustee. After hearing the Court over-ruled and dismissed the plea in abatement. The defendant thereupon saved a report. This report contains all the evidence material to the questions reported.
“The defendant, claiming to be aggrieved by the action of the Court in dismissing the plea in abatement, I hereby report the same to the Appellate Division for determination. ’ ’
It thus appears no formal requests for rulings were made by the defendant and no reasons were given by the Court for denying the plea in abatement.
It is the contention of the defendant that there was a variance between the writ and the copy served on him, in that the copy did not contain the endorsement on the writ required by Chapter 343 of the Acts of 1938, authorizing the attachment of wages, and this variance is ground for abatement of the writ.
The report does not set forth the officer’s return. If that return is in the usual form stating that he served an attested copy of the writ on the defendant, it is well settled that his return is conclusive so far as it affects the parties to the process. In Slayton vs. Chester, 4 Mass. 478, the Court said, “It is very clear that when a writ appears by the return endorsed by the officer, to have been legally served, that the defendant cannot plead in abatement of the writ, by alleging matter repugnant to the return: if the return is false, his remedy is by an action for a false return against the officer”. Baker vs. Baker, 125 Mass. 7, United Drug Co. vs. Coodley and Hayes, 239 Mass. 334 and cases cited at page 339.
*151 General Laws, Chap. 223 §84, reads as follows:
“If the service of a writ, process or order is defective or insufficient, the court or tribunal to which it is returnable may, upon motion of the plaintiff or petitioner, issue further writs, processes and orders, which shall be served in such manner as may be therein directed ; and upon due service thereof, the Court or tribunal shall thereby acquire the same jurisdiction of the subject and of the parties as it would have obtained if such service had been made in pursuance of the original writ, process or order. The action, suit or proceeding shall be continued from time to time until such service is made.”
Counsel have referred in their brief to an order of personal service issued after entry of the action. The report is silent as to this but it may be that the Court refused to abate the writ because proceedings were being taken to perfect the service as provided by this section.
In our opinion the report does not show there has been prejudicial error, and this report must be dismissed.